**In re Jeanette C. MIEL, Debtor.**

**Bankruptcy No. HG 91–82225.**

United States Bankruptcy Court,
W.D. Michigan.

Dec. 5, 1991.

Roger G. Cotner, Grand Haven, Mich., for debtor.

Mark S. Pendery, Grand Rapids, Mich., for I.R.S.

## OPINION

LAURENCE E. HOWARD, Bankruptcy Judge.

At a hearing before this Court on November 12, 1991, I issued an oral bench opinion granting the motion of the Debtor, Jeanette C. Miel, for turnover of tax refunds held by the Internal Revenue Service (hereinafter, "IRS"). The IRS retained the Debtor's 1990 tax refund, offsetting it against a 1986 income tax deficiency of the Debtor and of her, now, ex-husband. In the same opinion, I denied the Debtor's request that the IRS be held in contempt for violating the automatic stay and I denied the Motion of IRS to Lift the Automatic Stay Nunc Pro Tunc to Set Off Tax Refund.

This opinion embodies, in written form, my decision rendered at the prior hearing, and for the reasons stated herein, I find first, pursuant to 11 U.S.C. § 522(c)(1), that the Debtor's right to her tax refund, exempted from her bankruptcy estate under § 522(d)(5) of the Bankruptcy Code, cannot be setoff against the dischargeable, nonpriority tax claim of the IRS. Next, I find that while the IRS, in offsetting the Debtor's $911.00 income tax refund for the year 1990, did violate the automatic stay established by 11 U.S.C. § 362(a), such violation does not warrant a finding of contempt. Finally, I hold that despite § 553 of the Bankruptcy Code, the IRS is not entitled to retain the Debtor's 1990 tax refund for past taxes owing. The Debtor's Motion is granted in part and denied in part. The Motion of the IRS is hereby, denied.

## FACTS

The facts in this case are as follows. The Debtor filed a bankruptcy petition under Chapter 7 of the Code on April 19, 1991. The Internal Revenue Service was listed in the Debtor's schedules as an unsecured creditor without priority, possessing a claim for income tax deficiencies against the Debtor and her ex-husband for the years 1986 and 1987. Due to an incomplete listing of their address in the creditor matrix, the IRS did not receive notice of the Debtor's bankruptcy, and therefore was not aware of the existence of the automatic stay under § 362 of the Code, until June 19, 1991.

Subsequent to filing her Chapter 7 proceeding, the Debtor, pursuant to an extension granted by the IRS, timely filed her federal income tax return for the year 1990. The income tax return reflected a $911.00 refund due to the Debtor from the IRS. On June 10, 1991, the IRS setoff all of the Debtor's $911.00 refund against her and her ex-husband's outstanding 1986 federal income tax liability. The IRS admits that the offset was accomplished without obtaining relief from the automatic stay, but maintains that since their action was taken without notice of the Debtor's filing for relief under Chapter 7, a finding of contempt is not warranted.

I signed an order of discharge for the Debtor on August 13, 1991. On August 20, 1991, the Debtor filed an Amended Schedule B to her bankruptcy proceeding clarifying that she was claiming the $911.00 tax refund as exempt property under § 522(d)(5). The Debtor's original bankruptcy filing alleged this exemption only generally and did not contain a statutory reference.

DISCUSSION

Two motions are before me in this case. The Debtor has filed a motion to find the IRS in contempt for violating the automatic stay and for the turnover of tax refunds held by the IRS, the State of Michigan and the State of North Carolina. The IRS has filed a Motion to Lift Automatic Stay Nunc Pro Tunc to Set Off Tax Refund.

■ The Debtor argues that the IRS violated the automatic stay when it setoff her $911.00 refund against the existing 1986 income tax deficiency. The Debtor asks me to hold the IRS in contempt for violating the automatic stay provided in 11 U.S.C. § 362(a) and to award her costs and attorney fees pursuant to 11 U.S.C. § 362(h). As a result of the refund being claimed as exempt from her bankruptcy estate, the Debtor requests that I issue an order requiring the IRS to return the $911.00 refund to her.

I do not need to decide the fate of the Michigan State tax refund or of the North Carolina State tax refund. The Debtor, in the legal memorandum filed in support of her motion, admits and agrees that the State of Michigan, on October 3, 1989, remitted to her, in full, the 1990 refund to which she was entitled. Further, Debtor's counsel informed the Court, at the hearing on the motions before me now, that the State of North Carolina has turned over to the Debtor the $911.00 tax refund that it was retaining. Therefore, the Debtor's Motion, as against the States of Michigan and North Carolina, has been resolved to the Debtor's benefit, and is now moot. The remaining issues presented by the Debtor's motion involve the IRS and the conflicting claims surrounding the Debtor's 1990 tax refund.

Opposing the relief sought by the Debtor, the IRS has filed a Motion to Lift Automatic Stay Nunc Pro Tunc to Set Off Tax Refund. The IRS seeks this Court's approval of its action offsetting the Debtor's tax refund for the year 1990 against the 1986 income tax liability of the Debtor and her ex-husband.

In their motion for relief from stay, the IRS maintains that it possesses a valid right to setoff the Debtor's 1990 tax refund under § 6402(a) of the Internal Revenue Code. The IRS argues that § 553 of the Bankruptcy Code entitles them to exercise this right of setoff. The IRS seeks relief from the automatic stay under § 362 of the Bankruptcy Code stay so that it can credit the $911.00 refund against the Debtor's 1986 tax liability.

The IRS has not objected to the Debtor's claimed exemption, but rather asserts that its right of setoff supersedes any right the Debtor may possess in the refund. With respect to the Debtor's request that the IRS be held contempt for violating the automatic stay, the IRS alleges that it never received notice of the Debtor's Chapter 7 filing until after they determined to offset the 1990 refund. Based on the fact that its actions were taken without knowledge that the Debtor had filed a petition for relief under Chapter 7 if the Code, the IRS contends that it cannot be held in contempt.

■ § 362(a)(7) of the Code provides that the filing of a bankruptcy petition operates as a stay against "the setoff of any debt owing to the debtor that arose before the commencement of this case under this title against any claim against the debtor." Here, the IRS setoff the Debtor's income tax refund for the year 1990 against its claim for the Debtor's 1986 income tax deficiency after the Debtor filed her Chapter 7 proceeding. The IRS does not dispute this conclusion.

"Actions taken in violation of the automatic stay generally are void, even if the creditor had no notice of the stay." *Smith v. First of America Bank, N.A. (In Re Smith)*, 876 F.2d 524, 526 (6th Cir.1989). Before a creditor can exercise a right to

setoff authorized under § 553, he must first obtain relief from stay. The fact that the IRS was not aware of the Debtor's filing does not save their setoff on June 10, 1991 from violating § 362(a). By violating the stay, the setoff of the Debtor's refund is rendered void. "Any action violating the automatic stay is void, even without notice." *Scrima v. John Devries Agency, Inc.*, 103 B.R. 128, 132 (W.D.Mich.1989). The IRS clearly violated the automatic stay by exercising its right of setoff.

The issue, more in dispute, is whether the IRS should be held in contempt for their actions and whether the Debtor is entitled to appropriate sanctions. What the Debtor is asking me to do, is to hold the IRS in contempt for its violation the automatic stay, which is effective upon the Debtor's filing her bankruptcy petition. A party can bring a contempt action arising out of a violation of § 362(a) of the Code on two alternative grounds. First, the Debtor can bring an action against a violating creditor based on civil contempt. Alternatively, a violation of the automatic stay could be penalized statutorily under § 362(h) of the Code.

> "The requisite elements to establish civil contempt are: (1) there must be a specific and definite court order which has been violated, and (2) the person who violated the order must have prior knowledge of it."

*Schewe v. Fairview Estates (In Re Schewe)*, 94 B.R. 938, 947 (Bankr. W.D.Mich.1989) (citing *In Re Fidelity Mortgage Investors*, 550 F.2d 47, 51 (2d Cir.1976); and *In Re Reed*, 11 B.R. 258, 268 (Bankr.D.Utah 1981)).

■ Here, the IRS was without knowledge of the Debtor's Bankruptcy when it exercised its right to setoff. Without notice, the IRS cannot be held in civil contempt. First, the IRS contends that the Debtor used an incomplete zip code. The notice, however, was not returned to the Clerk's office for having a deficient zip code. The Debtor's lack in providing the nine digit zip code does not warrant a finding that the IRS did not receive proper notice. But, the IRS also maintains that an incorrect post office box number was indicated on the Debtor's listing. From reviewing the addresses submitted by the Debtor in his bankruptcy petition with its accompanying schedules, it appears that the Debtor did, in fact, provide the Court with an incorrect post office box number for the IRS Special Procedures Division in Detroit. This incorrect listing led to the IRS not receiving notice of the stay. Since the IRS proceeded to setoff the Debtor's 1990 refund without knowledge of the bankruptcy, there was not a knowing violation of the stay and a finding of contempt is not warranted.

■ The Bankruptcy Code creates a statutory remedy, akin to civil contempt, for violations of the automatic stay. § 362(h) states that:

> an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

Since the IRS did not have notice of the stay when it acted against the Debtor's refund, no willful violation of the stay occurred. The IRS, in no way had any notice, either through the mail, or even by word of mouth, of the Debtor's filing her bankruptcy petition when it acted. The IRS, therefore, could not have acted in willful violation of § 362(a)(7). Having failed to establish that the IRS acted willfully or with knowledge of the Debtor's Bankruptcy when it setoff the 1990 tax refund, the Debtor is denied recovery of attorney fees, costs and punitive damages. The Debtor's request that the IRS be held in contempt and that appropriate sanctions be awarded is denied.

■ The issue, still left to be decided, is the fate of the Debtor's refund. The automatic stay does not abolish any right to setoff possessed by the IRS. It merely prevents the IRS from enforcing against a debtor in bankruptcy, pursuant to § 553 of the Code, such a right to setoff without obtaining court ordered relief. *Harbaugh v. U.S.*, 1991 WL 139254, 89-2 U.S. Tax Cas. (CCH) 9608 (W.D.Pa. Oct. 13, 1989).

§ 6402 of the Internal Revenue Code grants the IRS the right to setoff a tax refund against an existing deficiency. § 6402, entitled "Authority to make credits or refunds", provides as follows:

(a) General rule.—In the case of any overpayment, the Secretary, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall, ... refund any balance to such person.

The IRS maintains, and the cases it has cited support its position, that it possesses a right to setoff under § 6402 of the Tax Code and that this right is enforceable against the Debtor's refund. The Debtor does not dispute this conclusion. I have heard no argument that § 6402 of the Tax Code requires that I deny the IRS' request for setoff. Instead, the Debtor argues that since the refund is property exempted from the bankruptcy estate, the IRS is precluded from exercising its right to setoff. Based on § 522(c) of the Bankruptcy Code, the Debtor requests that the $911.00 refund be returned to her and be held to be beyond the reach of a right to setoff based on a unsecured, dischargeable, non-priority tax claim.

■ 11 U.S.C. § 553 provides that:

[e]xcept as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case.

§ 553 authorizes a creditor to exercise any right of offset that it may possess outside the Bankruptcy Code. § 553's setoff provision clearly states that this title, meaning the entire Bankruptcy Code, will not affect the right of setoff, except as established in § 362 and § 363. From the literal language of § 553, all a creditor need do to exercise a right of offset under § 553, is comply with any applicable restrictions set forth in either § 362 or § 363 of the Code. Here, in the matter before me, the restriction involves obtaining relief from stay, which the IRS is now seeking.

But, it is also, well established, that the allowance of setoff is within the discretion of the trial court and is limited by the purpose and equitable principles of the Bankruptcy Code. *Melamed v. Lake County Bank*, 727 F.2d 1399, 1404 (6th Cir.1984). To properly invoke § 553, three requirements must be met.

The debt owed to the debtor and the claim asserted against the debtor (1) must be mutual obligations; (2) that arose from separate transactions; and (3) both must have accrued prepetition.

*In Re American Sunlake Limited Partnership*, 109 B.R. 727, 732 (Bankr. W.D.Mich.1989).

■ No argument has been raised as to the presence of mutuality. The refund owed to the Debtor and her 1986 income tax liability are clearly mutual obligations. Further, it is evident that the Debtor's right to her 1990 tax refund and the IRS' claim for 1986 income tax deficiency arose from separate transactions. Finally, the IRS has established, and the weight of authority provides, that the right to an income tax refund accrues on December 31 for a taxpayer who files a return based on a calendar year. Therefore, the Debtor's right to the $911.00 refund accrued on December 31, 1990, before the filing of the Bankruptcy Petition. Similarly, the claim of the IRS is for a 1986, pre-petition, tax deficiency.

Several exceptions are listed in § 553 to the right of setoff. The Debtor has not argued that any of them apply to these facts and I must concur that I do not find any of them applicable. The IRS does possess a valid right to setoff under § 553.

The question is whether this right can indeed be exercised against the 1990 refund. § 522(c) establishes that:

Unless the case is dismissed, property exempted under this section is not liable

during or after the case for any debt of the debtor that arose ... before the commencement of the case, except—

(1) a debt of a kind specified in section 523(a)(1); or

(2) a debt that is secured by a lien that is—

(A)(i) not avoided under subsection (f) or (g) of this section or under section 544, 545, 547, 548, 549, or 724(a) of this title; and

(ii) not voided under section 506(d) of this title; or

(B) a tax lien, notice of which is properly filed;

 In direct conflict with the right to setoff under § 553 is § 522(c), which protects exempt property from liability for any debt that arose before the commencement of the case. The only exceptions, relevant here, to the protection of § 522(c) are if the debt is a non-dischargeable tax debt under § 523(a)(1), or if the debt is secured by a tax lien. There is no evidence that the IRS ever filed the proper notice for a tax lien on the 1986 income tax liability. The IRS did not dispute the Debtor listing her 1986 liability as an unsecured claim in her bankruptcy schedules. Therefore, I conclude that the IRS' claim for the 1986 income tax deficiency is unsecured.

 The protection of § 522(c) is also defeated if the 1986 income tax liability is non-dischargeable under § 523(a)(1). The Bankruptcy Code, through § 523(a)(1) and § 507(a)(7), provides that an income tax deficiency is non-dischargeable if, and only if, the IRS' claim against the debtor for the deficiency was "for a taxable year ending on or before the date of filing the petition for which a return, if required, is last due, including extensions, after three years before the date of filing the petition." Here, the claim that the IRS is seeking to offset is for 1986 income tax. The claim falls outside the period required for non-dischargeability. The IRS, therefore, possesses a dischargeable, unsecured claim for delinquent income tax for the year 1986.

 § 522(c) provides that the Debtor's exempted refund would not be liable for this dischargeable and unsecured tax debt. But, as noted above, § 553 makes clear that no other Bankruptcy Code provision affects the right to offset. If § 553 has priority over § 522(c), then the 1990 refund should remain with the IRS for offset against the 1986 liability. However, if § 522(c) is given priority, then the IRS should turnover the $911.00 to the Debtor.

The Bankruptcy Court for the Northern District of Ohio in the case, *In Re Monteith*, 23 B.R. 601, 603 (Bankr.N.D.OH. 1982), confronted this issue on facts almost exactly similar with what is before me. In *Monteith*, the IRS possessed a dischargeable, unsecured claim for an income tax deficiency and was attempting to offset, post-petition, against their claim, the debtor's right to a tax refund. The Debtor claimed that the refund was exempt. The Court concluded that § 522(c) prevails over § 553 and held that the IRS should return the exempt portion of the refund to the Debtor. *Monteith*, 23 B.R. at 603.

In the case, *Commerce Union Bank v. Haffner (In Re Haffner)*, 12 B.R. 371 (Bankr.M.D.Tenn.1981), the Court held that a bank could not exercise its right to setoff a certificate of deposit, exempted from the debtor's bankruptcy estate, against a loan owing to the bank. The Court reasoned that exempt property was not subject to setoff against pre-petition debt.

 Although not binding, I find the reasoning of these cases to be persuasive. To begin with, it is a well-accepted tenet of statutory construction that when two provisions of a statute are in conflict they should be interpreted in such a fashion as to give meaning to the whole. If the IRS is allowed to setoff the Debtor's exempt property, § 522(c) will have no meaning. A debtor will completely lose the ability to exempt property from the reach of creditors with a right to offset under § 553. § 553 will overshadow and trump the debtor's right to exempt property from the reach of creditors possessing pre-petition claims.

The exemption provisions of the Bankruptcy Code were drafted to be read expan-

sively, so as to equitably allow the debtor to retain essential property for a fresh start. In discussing the right of setoff against exempt property in non-bankruptcy cases, the Court in *In Re Haffner* summarizes:

> Exemption privileges allowed by statute are to be liberally construed, and a debtor should not be deprived thereof through a technical following of statutes pertaining to pleading. Upon this principle the courts, as a general rule, decline to allow a set-off against claims arising out of exempt property; and this is true notwithstanding the fact that there is no express provision protecting exempt property from the right of set-off. This interpretation given to the exemption statutes is not in all cases the one which a literal following of its provisions would seem to require, but the force and effect are sought to be given to the obvious legislative intent.

*In Re Haffner*, 12 B.R. at 372 (quoting Annot., 106 A.L.R. 1070, 1071 (1937)). The policy of liberally interpreting the exemption statutes so as to afford the debtor a fresh start supports the conclusion that any right of setoff under § 553 should be limited to property outside the scope of § 522(c).

The IRS has failed to persuade me that § 553 should be read as to abolish the Debtor's right to have exempt property free from pre-petition claims under § 522(c). The cases cited by the IRS are not persuasive. In *In re Harbaugh*, the Debtor did not claim an exemption for the refund. § 522(c) is not discussed. Further, the IRS in *In re Harbaugh* was a secured creditor. There would have been no protection afforded to the Debtor under § 522(c) as the IRS possessed a secured tax lien. The case, *Rozel Industries, Inc. v. Internal Revenue Service (In re Rozel Industries, Inc.)*, 120 B.R. 944 (Bankr.N.D.Ill. 1990), does not concern an exemption for the refund. There is no discussion of Section 522(c). The case focused primarily on the question of mutuality and whether the right to refund arose pre-petition. Finally, *In re Conti*, 50 B.R. 142, 85–2 U.S. Tax Cas. (CCH) 9497 (Bankr.E.D.Va.1985) does not concern § 522(c). In that case, as in the others, the debtor did not claim an exemption for the refund.

This is a specific situation now before me. The Debtor has listed her 1990 tax refund as exempt. The IRS is an unsecured creditor with a dischargeable claim for a 1986 income tax deficiency. Based on these facts, I find that the exemption statute, § 522(c), should be read as to preclude the IRS from exercising its right of setoff against the exempted funds. Any right to setoff under § 553 should be limited to property outside the scope of § 522(c). By deciding that the tax refund is outside the reach of the IRS, the policy of liberally construing the exemption statutes to afford the debtor an opportunity for a fresh start with essential assets will be upheld, while § 553 is limited in only a very specific way.

CONCLUSION

In conclusion, I hold that § 522(c) protects the Debtor's 1990 tax refund from the IRS' right to offset. The Debtor is therefore entitled to obtain the 1990 tax refund from the IRS. The Debtor's motion for turnover is hereby granted. The Debtor's request that the IRS be held in contempt is denied. The IRS' motion for relief from stay is denied.