In re Thomas J. WIEGAND, d/b/a Woodsmen Distributors, f/d/b/a The Grainery, The Bookmark, Evening Star Entertainment and Melinda S. Wiegand, Debtors.

Thomas J. WIEGAND and Melinda S. Wiegand, Appellants,

v.

TAHQUAMENON AREA CREDIT UNION, Appellee.

Bankruptcy No. HM 95–90099.
No. 2:96–CV–121.

United States District Court,
W.D. Michigan,
Northern Division.

Aug. 6, 1996.

David E. Bulson, Atty. Rudyard Twp., David E. Bulson, P.C., Sault Ste. Marie, MI, for Appellants.

Donald W. Bays, Osstyn, Bays, Ferns & Quinnell, P.C., Marquette, MI, for Appellee.

## OPINION

QUIST, District Judge.

This is an appeal of a final Order entered by the United States Bankruptcy Court on March 20, 1996. The debtors, Thomas and Melinda Wiegand ("Wiegands"), are requesting reversal of the Bankruptcy Court's Order dismissing the Wiegands' motion to hold Tahquamenon Area Credit Union ("Credit Union") in contempt for not turning over funds to the Wiegands held in a Credit Union account. The Bankruptcy Court held that Credit Union had a right of setoff against the Wiegands' account despite the discharge of the Wiegands' debt and despite the account's exempt status.

### Facts

The Wiegands filed a Chapter 7 petition with the Bankruptcy Court on March 15, 1995. The Wiegands listed Credit Union as an unsecured creditor with a claim of $2,852.22. The Wiegands claimed a $900.00 account they held at Credit Union as exempt property. Credit Union filed no objection to this claim of exemption. On June 13, 1995, the Bankruptcy Court entered an Order of Final Discharge, and on July 18, 1995, the case was closed. When the Wiegands attempted to withdraw their account, Credit Union refused to release the funds. On September 25, 1995, the Wiegands filed a motion to hold Credit Union in contempt and to order Credit Union to release to the Wiegands the funds held in their account. On March 20, 1996, the Bankruptcy Court entered an Order dismissing the Wiegands' motion.

The Wiegands' appeal concerns whether a creditor's right of setoff may be exercised against exempt property. Whether Credit Union possesses a right of setoff and whether a creditor may setoff discharged debt must also be addressed.

### Standard of Review

On appeal from the bankruptcy court, a district court applies a clearly erroneous standard to findings of fact, but a *de novo* review to questions of law. *In re Charfoos,* 979 F.2d 390, 392 (6th Cir.1992). The party seeking review of the bankruptcy court's determination bears the burden of proof. *In re Van Rhee,* 80 B.R. 844, 846 (W.D.Mich.1987) (citations omitted).

### Discussion

#### I. Credit Union Possesses Right of Setoff Under Michigan Law

Before considering a conflict between the Wiegands' right of exemption and Credit Union's right of setoff, this Court must first determine (1) whether the Wiegands' property is exempt, and (2) whether Credit Union possesses a right of setoff.

The Wiegands declared their account exempt under 11 U.S.C. § 522 upon filing their bankruptcy petition. Credit Union did not object to this exemption claim. The Wiegands' account is therefore exempt under federal law for the purposes of this bankruptcy proceeding.

■ Whether the Credit Union possesses a right of setoff is not as straightforward a question. The Bankruptcy Code does not create a right of setoff. The Bankruptcy Code provides that, with certain exceptions not relevant here, whatever right of setoff otherwise exists in state or federal law is preserved in bankruptcy. 11 U.S.C. § 553(a); *Citizens Bank of Maryland v. Strumpf*, — U.S. —, —, 116 S.Ct. 286, 289, 133 L.Ed.2d 258 (1995). Thus, for Credit Union to possess a right of setoff in bankruptcy, it must possess a right of setoff either under Michigan law, or elsewhere under federal law. *See In re Miel*, 134 B.R. 229, 234 (Bankr.W.D.Mich.1991) (holding that the I.R.S. has right under § 6402 of the Tax Code to setoff prior tax liability with tax refund); *In re Swickard*, 133 B.R. 902, 905 (Bankr.S.D.Ohio 1991) (holding that a credit union has right to setoff under Ohio law).

■ Under Michigan law, Credit Union possesses the right to setoff a customer's account against that customer's defaulted loan. *Check Reporting Servs., Inc. v. Michigan Nat'l Bank–Lansing*, 191 Mich.App. 614, 627, 478 N.W.2d 893 (1991) (holding that where a bank did not waive its common-law right of setoff, it had right to use funds on deposit in customer's account as setoff against customer's obligations), *appeal denied*, 440 Mich. 887, 487 N.W.2d 469 (1992). Section 553(a) of the Bankruptcy Code preserves this right for a bankruptcy proceeding. Therefore, Credit Union possess a right to setoff for the purposes of this bankruptcy proceeding.

## II. Discharge Does Not Bar a Creditor's Valid Right of Setoff

■ The Wiegands first argue that the effect of a discharge order is to bar a creditor from exercising a right of setoff against a debtor's discharged debt. The Wiegands assert that because their debt was discharged by the bankruptcy court's final discharge order, there was no liability which could be setoff by Credit Union.

■ Title 11 U.S.C. § 524 bars the post-discharge collection of discharged debt.[1] Title 11 U.S.C. § 553(a), however, preserves for the creditor the right to setoff after discharge.[2] Except for limited exceptions not relevant here, the Bankruptcy Code "does not affect any right of a creditor to offset a mutual debt." *Id.* Thus, Sections 524 and 553(a) appear to be in conflict.

The Sixth Circuit has not considered whether setoff may be exercised against discharged debt. Although there is not total agreement on this issue, a majority of courts have held that a creditor's right to setoff survives the bankruptcy court's final discharge of the bankrupt's debts, provided that a right to setoff existed at the time the bankruptcy petition was filed. *In re De Laurentiis Entertainment Group Inc.*, 963 F.2d 1269, 1276 (9th Cir.1992), *cert. denied sub nom.* 506 U.S. 918, 113 S.Ct. 330, 121 L.Ed.2d 249 (1992); *In re Buckenmaier*, 127 B.R. 233, 236–37 (9th Cir. BAP 1991); *In re Davidovich*, 901 F.2d 1533, 1539 (10th Cir. 1990). *But see In re Dezarn*, 96 B.R. 93 (Bankr.E.D.Ky.1988) (holding that the effect of discharge is to extinguish debt by enjoining creditors from all collection efforts, including setoff); *In re Johnson*, 13 B.R. 185 (Bankr.M.D.Tenn.1981) (holding that setoff cannot be asserted after discharge). This Court believes the majority view to be better reasoned.

Because "setoffs in bankruptcy have long been 'generally favored,' [ ] a presumption in favor of their enforcement exists." *De Laurentiis*, 963 F.2d at 1277 (quoting *Buckenmaier*, 127 B.R. at 237). Moreover, the primacy of setoffs is essential to the equitable treatment of creditors. *Id.* It would be unfair to deny a creditor the right to recover

---

1. 11 U.S.C. § 524 provides: "(a) A discharge in a case under this title ... (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover *or offset* any such debt as a personal liability of the debtor ..." 11 U.S.C. § 524 (emphasis added).

2. 11 U.S.C. § 553(a) provides: "except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title...."

a debt from a debtor while at the same time requiring the creditor to fully satisfy a debt to the debtor. It was to avoid this unfairness to creditors that setoffs were allowed in bankruptcy in the first place. *Id.*

■ Further, the primary purpose of discharge is to prohibit post-bankruptcy debt collection. Credit Union did not collect its debt from Wiegand. It merely offset its obligation to the Wiegands with that of Wiegands to Credit Union. The primary purpose of discharge in bankruptcy is not disserved. Thus, it was proper for the bankruptcy judge to allow setoff against discharged debt.

### III. Exemption is No Bar to a Creditor's Valid Right of Setoff

■ The Wiegands base their appeal on their right under 11 U.S.C. § 522 to declare property exempt from pre-petition liability. Property exempted under this section "is not liable during or after the case for any debt of the debtor that arose ... before the commencement of the case...." 11 U.S.C. § 522(c). The Wiegands rely on a number of bankruptcy court opinions, including one from this district, holding that setoff cannot be exercised against exempt property. *See, e.g., In re Miel,* 134 B.R. 229, 236 (Bankr. W.D.Mich.1991); *In re Thompson,* 182 B.R. 140, 153–154 (Bankr.E.D.Va.1995); *In re Davies,* 27 B.R. 898, 901 (Bankr.E.D.N.Y.1983); *In re Monteith,* 23 B.R. 601, 604 (Bankr. N.D.Ohio 1982). Courts, however, are sharply divided on this issue. *See, e.g., Posey v. I.R.S.,* 156 B.R. 910, 917 (W.D.N.Y.1993) (holding that the I.R.S. may setoff debtor's exempt income tax refund against debtor's tax liability); *In re Runnels,* 134 B.R. 562 (Bankr.E.D.Tex.1991); *Eggemeyer v. I.R.S.,* 75 B.R. 20, 22 (Bankr.S.D.Ill.1987). This Court believes the latter cases to be better reasoned and therefore holds that a creditor may exercise its right of setoff against exempt property.

The key to resolving the apparent conflict between Sections 522(c) and 553(a) of the Bankruptcy Code is found in the distinction between offsetting a mutual obligation and collecting on a unilateral debt. The right to setoff under 11 U.S.C. § 553 allows parties that owe money to each other to assert amounts owed, subtract one from the other, and pay only the balance, "thereby avoiding 'the absurdity of making A pay B when B owes A.'" *Strumpf,* ⸺ U.S. at ⸺, 116 S.Ct. at 289 (quoting *Studley v. Boylston Nat. Bank,* 229 U.S. 523, 528, 33 S.Ct. 806, 808, 57 L.Ed. 1313 (1913)). In this case, Credit Union did not collect on the Wiegands' loan. Credit Union merely offset their obligation to the Wiegands with that of the Wiegands to Credit Union.

■ It is well settled that the application of setoff in a bankruptcy setting is permissive and lies within the equitable discretion of the trial court. *In re Southern Industrial Banking Corp.,* 809 F.2d 329, 332 (6th Cir.1987). As discussed in the previous section, for reasons of fairness there is a presumption in favor of allowing setoffs in bankruptcy. *De Laurentiis,* 963 F.2d at 1277. Courts have declined to permit setoffs when their allowance would violate the purposes of the Bankruptcy Code. For example, setoff has not been allowed when a creditor created a right of setoff for the inequitable purpose of placing himself in a better position than other creditors, thereby violating the fundamental principle of bankruptcy law that distribution among creditors must be equal. *See Southern Industrial,* 809 F.2d at 332; *In re Union Cartage Co.,* 38 B.R. 134, 138–40 (Bankr.N.D.Ohio 1984).

Allowing setoff against exempt property would not undermine the general policy behind the Bankruptcy Code[3] because a debtor will not be denied the ability to hold property exempt from liability for pre-petition debts. Only creditors who possess a valid setoff right can offset their obligation with a debtor's exempt property. Under 11 U.S.C. § 522, debtors can still exempt property from the reach of all other creditors possessing pre-petition claims.

---

**3.** The Wiegands focus on the Bankruptcy Code's purpose of affecting the rebuilding of the debtor. This, however, is not the exclusive goal of the Code. Another important purpose is the equita-

ble treatment of creditors in determining how the insufficient assets of the debtor are to be divided.

Finally, it should be noted that the Bankruptcy Code allows a creditor with a valid setoff right to retain exempt property during the bankruptcy proceeding, rather than turning the property over to the trustee. 11 U.S.C. § 542(b). "[I]t necessarily follows that when the proceeding is over, a creditor with a valid setoff right also may retain property claimed as exempt." *Posey,* 156 B.R. at 916; *see Eggemeyer,* 75 B.R. at 22. Therefore, if a creditor's setoff right is not defeated by exemption pursuant to § 542(b) while a bankruptcy proceeding is in progress, then a creditor's setoff right is not defeated by exemption pursuant to § 553(a) after a bankruptcy proceeding is over. *Posey,* 156 B.R. at 916.

For the above reasons, this Court concludes that the Bankruptcy Court did not err in ruling that the creditor's setoff rights may be exercised against exempt property.

### Conclusion

The Bankruptcy Court correctly concluded that Credit Union was not in contempt when it exercised its valid right of setoff against the Wiegands' account, notwithstanding the discharge of the Wiegands' debt or the account's exempt status. Therefore, the United States Bankruptcy Court's decision must be affirmed. An Order consistent with this Opinion will be entered.