**In re John Mark and Frances Lomelo SEDLOCK, Debtors.**

**Bankruptcy No. 96–50348.**

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

Jan. 27, 1998.

James Reed, Akron, OH, for Debtors.

James Bickett, Akron, OH, for U.S., I.R.S.

MARILYN SHEA–STONUM, Bankruptcy Judge.

### Opinion and Order Granting the United States' Motion for Relief from the Automatic Stay

This matter came before the Court on the United States' motion for relief from the automatic stay to set off an income tax overpayment. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (G) and (O), referred to this Court by a General Order entered in this District on July 16, 1984.

### Undisputed Facts

The parties have stipulated to the following facts. On February 21, 1996, the debtors filed a chapter 13 petition with this Court and listed the United States, for the Internal Revenue Service (IRS), as an unsecured priority creditor for $12,000.00. On March 7, 1996, the debtors filed their plan which provided for the IRS's claim to be paid in full and unsecured claims to be paid at one percent. One creditor, Ralph Iarussi (Iarussi) objected to that plan because he would only be receiving one percent on his claim of $8,500.00. On April 10, 1996, IRS filed a proof of claim listing its claim as general unsecured nonpriority in the amount of $27,-255.04. Debtors assert that in reliance upon the categorization by the IRS of the claim as nonpriority, on April 23, 1996, the debtors compromised the claim of Iarussi and filed an amended plan which proposed to pay Iarussi's claim at $8,000.00 as a secured claim and $2,400.00 as a general unsecured claim. On May 29, 1996, this Court confirmed the debtors' plan. On May 31, 1996, the IRS filed an amended proof of claim based on estimated tax liability asserting claims of $37,579.98 as

unsecured nonpriority and $45,208.12 as unsecured priority. The bar date for filing proof of claims was June 21, 1996.

The debtors have asserted that they mailed their 1988–1995 tax returns to the IRS in July of 1996. They later discovered in November of 1996 that the IRS had never received those tax returns. It was not until March of 1997 that the debtors actually filed those returns.[1] From the 1995 taxable year, the debtors are due a refund of $2,149.36. On June 3, 1997, the IRS filed amendment number two to its proof of claim asserting $15,893.30 as general unsecured nonpriority claim being subject to a set off of $2,149.36.[2] On July 15, 1997, the IRS filed a motion for relief from stay to offset the 1995 refund against the 89–91 returns. On July 30, 1997, the debtors filed a response stating that the IRS is not entitled to set off the refund against a general unsecured nonpriority tax liability. On August 14, 1997, the Court held a hearing and allowed the parties to file supplemental post-hearing briefs.

The debtors do not dispute that the IRS has met the required elements of set off under 11 U.S.C. § 553(a). Instead, the debtors have raised the following issues to be addressed by this Court: (1) whether the IRS is bound to the plan upon confirmation and is estopped from asserting set off rights due to its failure to object to the plan; (2) whether set off applies to general unsecured nonpriority claims; and (3) whether set off should be denied for equitable reasons.

*Relevant Authorities and Analysis*

**A.** *Is the IRS estopped from asserting its set off rights?*

█ The debtors argue that the IRS is bound by confirmation of the plan and is estopped from asserting its set off rights. *See United States v. Norton,* 717 F.2d 767, 774 (3rd Cir.1983); *United States v. Johnson (In re Johnson),* 136 B.R. 306, 309–311

(Bankr.M.D.Ga.1991). *See also,* 11 U.S.C. 1327(a). The debtors further argue that the IRS's interest is adequately protected because it is receiving $158.93 (one percent of $15,893.30). The IRS countered that its prepetition right to set off is not affected by confirmation. *See In re Whitaker,* 173 B.R. 359, 362 (Bankr.S.D.Ohio 1994); *In re Orlinski,* 140 B.R. 600, 603 (Bankr.S.D.Ga.1991); *In re Johnson,* 136 B.R. at 309.

Confirmation of a plan does not nullify the IRS's right of set off under § 553. In *In re De Laurentiis Entertainment Group Inc.,* the court held that the holder of a claim in a chapter 11 case maintained its right of set off even though it neither objected to the plan nor appealed the confirmation order. 963 F.2d 1269, 1278 (9th Cir.1992), *cert. denied, Carolco Tele. Inc. v. Nat'l Broadcasting Co., Inc.,* 506 U.S. 918, 113 S.Ct. 330, 121 L.Ed.2d 249 (1992). The court reasoned that if § 1141 were to take precedence over § 553, then set off would only be allowed if written into the plan and § 553 would be rendered meaningless. *Id.* at 1277. If the court denied set off, the creditor would be required to fully pay its debt to the debtor while only receiving a fraction of the money it is owed. *Id.*

Since the *De Laurentiis* decision, a majority of courts considering the issue have extended its reasoning to the chapter 13 context and have held that a creditor's right to set off is not extinguished by confirmation of the plan under § 1327. *See In re Whitaker,* 173 B.R. 359, 362–63 (Bankr.S.D.Ohio 1994); *In re Womack,* 188 B.R. 259, 261–62 (Bankr. E.D.Ark.1995); *In re Orlinski,* 140 B.R. 600, 603–4 (Bankr.S.D.Ga.1991). *See also, In re Wiegand,* 199 B.R. 639, 641 (W.D.Mich.1996)(holding that a creditor's right to set off survives a final discharge of debt). As in the *De Laurentiis* case, set off rights under § 553(a) are not subject to the

---

1. Upon noticing that tax returns were filed with the IRS *after* the plan had been confirmed, the Court inquired of the Chapter 13 Trustee's office as to whether it had received copies prior to confirmation. The Chapter 13 Trustee's office reported that it had received copies of the debtors' 1988–1994 tax returns sometime between March 21, 1996 and April 18, 1996 and therefore recommended confirmation of the plan.

2. The IRS's claim covers income taxes for 1989, 1990 and 1991 which fall more than three years prior to the filing of this case and thus, under 11 U.S.C. § 507(a)(8), would be typically categorized as a general unsecured claim.

provisions of § 1327(a). *In re Whitaker*, 173 B.R. at 362.

The contrary result would be particularly egregious on the facts of this case. The debtors' chapter 13 plan has already been confirmed. However, at the time of confirmation, the debtors had yet to accomplish the filing of their 1988–1995 tax returns.[3] Moreover, the bar date to file proof of claims had not expired, although the chapter 13 Trustee recommended confirmation since the debtors had provided him with copies of their tax returns for the back tax years that they proposed to address under their plan. Notably, the debtors did not file their 1995 taxes by April 15, 1996 which might have permitted this issue to be addressed in an orderly fashion at the confirmation. Instead, until March, 1997 when they did file that return, the debtors controlled the information about their tax refund for that year.

If the Court were to deny the IRS its set off right, it in effect would be rewarding the debtors' tardiness by asking the IRS to pay the full tax refund of $2,149.36 to the debtors while the IRS would receive only $158.93 on the $15,893.30 debt it is owed by the debtors. When confirmation occurs before the deadline to file proof of claims, confirmation cannot terminate the rights of creditors. *See e.g., In re DeLaurentiis*, 963 F.2d at 1277. This is especially true in this case when the debtors had not even filed their tax returns. Therefore, the IRS may still seek to enforce its set off rights.

## B. Applicability of Set off to General Unsecured Nonpriority Claim

■ The debtors argue that the automatic stay should not be lifted to allow the IRS to assert its right of set off against a general unsecured nonpriority claim. They claim that only priority tax debts can be used in the set off context. However, the debtors do not cite any authority for this proposition.

In response, the IRS asserts that nothing in the Bankruptcy Code or in 26 U.S.C. § 6402(a),[4] the applicable non-bankruptcy law, provides that the right to set off can only be levied against a priority claim.

Neither 11 U.S.C. § 553 nor 26 U.S.C. § 6402(a) distinguishes between the type of debt that can be used in the context of set off, nor do those sections specify that a particular priority is required. Indeed, several courts have noted that it is not inequitable to allow the IRS to exercise its right of set off against a debtor's general unsecured tax debt rather than against priority claims when it holds both in a single case. *See In re Lawson*, 187 B.R. 6, 8–9 (Bankr.D.Idaho 1995); *In re Carter*, 125 B.R. 832, 835 (Bankr.D.Kan.1991)(allowing the IRS to apply set off against a general unsecured debt); *In re Moore*, 200 B.R. 687, 689–90 (Bankr.D.Or.1996)(allowing the IRS to apply set off first to the priority claim with the remainder being applied to its general unsecured claim). Accordingly, the debtors' argument that the IRS cannot set off the debtors' tax refund against its' general unsecured nonpriority claim is unsupported.

## C. Should Set off be Denied on Equitable Grounds?

■ In addition, the debtors state that allowing set off would be inequitable because it would allow the IRS to receive more than is provided to the IRS under the plan and would violate the principles of bankruptcy law that all creditors share equally in the distribution. Furthermore, the debtors state that they compromised a disputed claim in reliance on the IRS's proof of claim clarifying that the claim was nonpriority. They argue that they will now have to repay more than anticipated if the set off is allowed and would rather use the refund to pay other creditors.

In response to the debtors' arguments that the Court should use its equitable powers to

---

3. Debtors claim that they mailed their tax returns in July of 1996 and that it was not until November of 1996 that they discovered the IRS never received those returns. The returns were actually filed in March of 1997.

4. "In the case of any overpayment, the Secretary, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, *against any liability* in respect of an internal revenue tax on the part of the person who made the overpayment ...." 26 U.S.C.A. § 6402(a) (West Supp.1997)(emphasis added).

prevent such set off, the IRS states that set off is permissible and at the discretion of the Court, that the IRS has presented a *prima facie* case for set off, that set off is generally favored in this context, and that the debtors should not be afforded equitable relief when the debtors are responsible for the situation at hand. Specifically, the IRS states that the debtors did not file their tax returns until March of 1997 which was over nine months after confirmation of the plan, after the IRS filed a proof of claim based on estimated tax liabilities, and after the debtors objected to that proof of claim.

 The application of set off is permissive and lies within the equitable powers of the court. *DuVoisin v. Foster (In re Southern Ind. Banking Corp.)*, 809 F.2d 329, 332 (6th Cir.1987). Set off is generally favored in bankruptcy. *In re Wiegand*, 199 B.R. 639, 641 (Bankr.W.D.Mich.1996). Once the IRS makes a *prima facie* showing of cause, the debtor can rebut by arguing that set off would be inequitable. *See In re Whitaker*, 173 B.R. at 362 (for example, showing that the set off would impede the debtor's fresh start, prejudice other creditors, or cause other harm). *See also, In re Southern Ind. Banking Corp.*, 809 F.2d at 332 ("The intent of the statute is clear that one creditor should not be unfairly favored over the class of creditors and, when justice dictates, set off must be denied."); *In re Lawson*, 187 B.R. 6, 8 (Bankr.D.Idaho 1995)(stating that set off may be denied on ground of public policy or because the creditor committed an inequitable, illegal or fraudulent act); *Brunswick Corp. v. Clements*, 424 F.2d 673, 675 (6th Cir.1970), *cert. denied*, 400 U.S. 1013, 91 S.Ct. 564, 27 L.Ed.2d 627 (1971)(a court must exercise its discretion under the general rules and principles of equity); *In re Wiegand*, 199 B.R. at 643 (citing *In re Union Cartage Co.*, 38 B.R. 134, 138–40 (Bankr. N.D.Ohio 1984) for the proposition that a court will decline to permit set off when the creditor created the right to set off to place itself in a better position that other creditors).

 While the IRS would be receiving $2,149.36 if set off were permitted, plus a dividend of $136.81 on the portion of its claim that is still unsecured, this does not, as the debtors suggest, violate the principle that all creditors share equally in the distribution. Equal distribution in the context of set off focuses on the equitable treatment between the debtor and the creditor, not as between creditors. *See Wiegand,* 199 B.R. at 641–42 ("primacy of set offs is essential to the equitable treatment of creditors. It would be unfair to deny a creditor the right to recover a debt from a debtor while at the same time requiring the creditor to fully satisfy a debt to the debtor. It was to avoid this unfairness to creditors that set offs were allowed in bankruptcy in the first place.") In fact, the very concept of set off usually results in one creditor receiving a larger percentage payoff on its claim compared to creditors without set off opportunities, something of which Congress was aware when it enacted the set off provisions. *See United States v. Norton,* 717 F.2d at 773 (stating that the drafters recognized that the exercise of set off would inhibit the ability for all creditors to share equally in the distribution). Moreover, the IRS did not create its right to set off to gain a better position nor did it engage in inequitable acts. *Cf. In re Union Cartage Co.*, 38 B.R. at 138–40. Instead, the issue of the refund only arose once the debtors filed their tax returns in March of 1997, well after the IRS had filed its proof of claim and the plan had been confirmed.

Finally, the debtors argue that they compromised a claim and now have to repay more than they anticipated if the set off is allowed and this impairs their fresh start. Under applicable bankruptcy law, a secured creditor will receive the value of his claim, as will the IRS receive its right to set off. *See generally,* 11 U.S.C. § 506. The debtors simply take too expansive a view of the concept of a fresh start. Acceptance of that view would abuse that concept. The debtors state that they compromised the Iarussi claim on April 23, 1996 in reliance upon the IRS's proof of claim. However, the facts recited above undercut the good faith of their assertion. The debtors had not filed their 1988–1995 tax returns as of that date. The debtors did not actually file those returns until March of 1997—a fact which negates

any basis that would support the reasonableness of reliance on the proof of claim at that point. The amounts set forth in the IRS's proof of claim were clearly identified as estimates. To ask the Court to allow the debtors' expansive view of the fresh start to triumph over a creditor's set off rights would further reward the debtors for their neglect.

Accordingly, the United States motion for relief from stay will be granted and set off will be allowed. **IT IS SO ORDERED.**