UNITED STATES of America, INTERNAL REVENUE SERVICE, Appellant,

v.

Billy WHITE and Betrana White, Appellees.

No. 05–CV–2280.

United States District Court, M.D. Pennsylvania.

Feb. 28, 2007.

Brett J. Riegel, Amori & Riegel, LLC, Stroudsburg, PA, for Appellee.

Joshua D. Smeltzer, U.S. Department of Justice, Washington, DC, for Appellant.

### *MEMORANDUM*

CAPUTO, District Judge.

Presently before the Court is an appeal from an order issued by the United States Bankruptcy Court for the Middle District of Pennsylvania in the above-entitled matter. For the reasons stated below, the order of the Bankruptcy Court will be modified and Appellant's motion requesting relief from the automatic stay will be granted. Appellant will be permitted to setoff the entire amount of the Appellees'

2003 income tax refund against Appellees' prior tax liabilities.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 158(a)(1), which provides that the district courts of the United States have jurisdiction to hear appeals from final judgments, orders, and decrees of the bankruptcy court sitting within their respective judicial district.

## BACKGROUND

The factual findings, contained in the Bankruptcy Court's Opinion (Doc. 2), are as follows: The IRS holds a pre-petition claim in the amount of $8,922.40 against Appellees, $1,780.52 of which is priority debt under 11 U.S.C. § 507. (Doc. 2 p. 1.) Appellees claimed a tax refund for the 2003 tax year in the amount of $3,148.00. (Doc. 2 p. 1.) They filed for Chapter 13 bankruptcy on February 25, 2004. (Doc. 2 p. 1.) Only after this filing was the tax return for 2003 filed and the refund amount claimed. (Doc. 2 p. 1.) No plan had been confirmed at that time. (Doc. 2 p. 1.) Appellees filed an exemption claim regarding the entire 2003 tax refund. (Doc. 2 p. 1.)

Appellant filed a motion in the Bankruptcy Court to lift the automatic stay to permit a setoff of the tax refund against the tax liability of Appellees. Bankruptcy Judge John J. Thomas issued an opinion on October 7, 2005, in which he made the following conclusions of law: The refund claim is property of the debtor-appellees' estate and is, at least in the Third Circuit, exemptible as such. (Doc. 2 p. 3). The refund claim in question is a pre-petition asset and therefore an asset in the case. (Doc. 2 pp. 3–4.) There did exist a refund claim notwithstanding the ability of the IRS to choose to apply that overpayment to prior years' liability. (Doc. 2 p. 4.) Further, although § 553 of the Bankruptcy Code does seem to preserve the IRS's

right of setoff under the facts set forth here, there appears to be a provision in 11 U.S.C. § 522(c)(1) that modifies these setoff rights in that exempt property—with certain exceptions discussed below—is not liable for obligations accruing pre-petition. One of the exceptions to that provision specifically subjects these exemptions to pre-petition, priority claims such as are partially present in this case in the form of priority tax liability. (Doc. 2 p. 4.) Finally, the Court found that the exception in section 522(c)(2) that relates to a "debt secured by a lien" is inapplicable to the refund claim because the terms "secured claim" and "lien" are not synonymous in the Bankruptcy Code. (Doc. 2 pp. 4–5.)

The Bankruptcy Court concluded, therefore, that the stay should be modified to permit the IRS to exercise its setoff rights against the refund of $3,148.00 to the extent of the priority claim of $1,780.52, and denied relief from stay for the excess amount. (Doc. 2 p. 5.)

The IRS brings the present appeal to this Court, arguing that the Bankruptcy Court incorrectly determined that the United States' right to setoff of the debtors' 2003 income-tax return was limited to the amount of the priority claim. Appellant filed a supporting brief on November 23, 2005. (Doc. 5.) Appellees filed a brief in opposition on December 7, 2005. (Doc. 6.)

This motion is fully briefed and ripe for disposition.

## LEGAL STANDARD

The district court, sitting as an appellate tribunal, applies a clearly erroneous standard to the bankruptcy court's factual findings and reviews *de novo* its conclusions of law. Fed. R. Bankr.P. 8013; *In re O'Brien Envtl. Energy Inc.*, 188 F.3d 116, 122 (3d Cir.1999); *In re Workman*,

No. 03–CV–1229, 2004 WL 1004979, at *2 (M.D.Pa. Mar. 30, 2004). The recognition of setoff rights is within the broad equitable discretion of the bankruptcy court. *See United States ex rel. I.R.S. v. Norton,* 717 F.2d 767, 772 (3d Cir.1983). Bankruptcy decisions involving the court's exercise of discretion are reviewed for abuse of discretion. *In re Vertientes, Ltd.,* 845 F.2d 57, 59 (3d Cir.1988). In instances where a lower court has interpreted a statute, however, the reviewing court must exercise plenary review, being sure to read the disputed provision(s) in the context of the entire statute, while being mindful of the statute's objectives and policy arguments. *See U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am.,* 508 U.S. 439, 455, 113 S.Ct. 2173, 124 L.Ed.2d 402 (1993); *see also Mitchell v. Cellone,* 389 F.3d 86, 89–90 (3d Cir.2004).

▪ Because the Bankruptcy Court based its partial denial of the Plaintiff's right to a full offset on an interpretation of Bankruptcy Code provisions, this Court—sitting as an appellate tribunal—will apply plenary review to those statutory interpretations. *In re Atl. Bus. and Cmty. Dev. Corp.,* 994 F.2d 1069, 1071 (3d Cir.1993).

## DISCUSSION

▪ Pursuant to the applicable standard of review, this Court reviews the Bankruptcy Court's factual findings for clear error, and finds none apparent. Furthermore, neither party disputes the accuracy of any of the fact-finding performed by Bankruptcy Judge Thomas in his Opinion.

Bankruptcy Judge Thomas's interpretations of particular statutory provisions from the Bankruptcy Act of 1978, 11 U.S.C. §§ 101 *et seq.,* are afforded plenary review. *In re Atl. Bus.,* 994 F.2d at 1071. After careful consideration of the disparate interpretations the relevant provisions have received, and keeping in mind the competing policy considerations favoring exemption over setoff, and *vice-versa,* the Court finds that the Bankruptcy Judge erred in limiting the IRS's right to setoff to the extent of the priority claims of Appellant. Accordingly, the order of the Bankruptcy Court will be reversed and Appellant's motion requesting relief from the automatic stay will be granted. Appellant will be allowed to setoff the remaining amount of the Appellees' 2003 income tax refund against previous tax liabilities.

### A. The Refund Claim in Question was a Pre–Petition Asset

▪ The Bankruptcy Court held, correctly, that the refund claim in question is a pre-petition asset in the case because the claim's effective date falls at the conclusion of the tax year to which the refund relates, which in the present action is at the end of December, 2003, prior to the petition date of February 25, 2004. *See Harbaugh v. United States,* 1989 WL 139254 (W.D.Pa. 1989), *aff'd* 902 F.2d 1560 (3d Cir.1990); *In re Glenn,* 207 B.R. 418, 420 (E.D.Pa.1997); *In re Luongo,* 259 F.3d 323, 334 (5th Cir. 2001).

### B. Interpretation of the Relevant Sections of the Bankruptcy Code

11 U.S.C. § 553(a) provides:

Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case[.]

▪ Section 553, by itself, does not create a right of setoff; rather, it provides that, except as otherwise set forth, "what-

ever right of setoff [otherwise] exists [in equity] is preserved in bankruptcy." *Citizens Bank of Md. v. Strumpf,* 516 U.S. 16, 18, 116 S.Ct. 286, 133 L.Ed.2d 258 (1995). Section 553 preserves the right of setoff where there are mutual, pre-petition obligations owing between the debtor and the creditor and a right to setoff the obligations exists under non-bankruptcy law. *In re Bourne,* 262 B.R. 745, 749 (Bankr. E.D.Tenn.2001) (citing *In re Holder,* 182 B.R. 770, 775 (Bankr.M.D.Tenn.1995)).

Appellant's brief argues that the exemption cited by the Bankruptcy Court under 11 U.S.C. § 522(c) is inapplicable to the action at bar, since that section is not mentioned in the setoff statute, 11 U.S.C. § 553. The Bankruptcy Court read the provisions of §§ 522(c) and 506—which is also not mentioned in the setoff statute—into § 553 as specific limitations on the Court's ability to allow a setoff under this factual scenario.

There is a clear split of authority on whether setoff is permitted under this set of facts. The Court will briefly outline the support that exists for both interpretations of these sections of the Bankruptcy Code.

### i. Decisions Favoring Exemption

Some courts have held that setoff cannot be made against assets that the debtor claims as exempt under § 522(c). *See In re Tarbuck,* 318 B.R. 78 (Bankr.W.D.Pa. 2004), *In re Pace,* 257 B.R. 918 (Bankr. W.D.Mo.2000); *In re Jones,* 230 B.R. 875, 879 (M.D.Ala.1999); *In re Alexander,* 225 B.R. 145, 149 (Bankr.W.D.Ky.1998); *In re Cole,* 104 B.R. 736, 740 (Bankr.D.Md.1989); *In re Monteith,* 23 B.R. 601, 603 (Bankr. N.D.Ohio 1982). *In re Morin,* No. 04–46138; 2006 WL 2085224, *7 (Bankr. D.N.J.2006). These cases generally reason that to permit setoff against exempt assets eviscerates the purpose of § 522(c). *In re Pace,* 257 B.R. at 920. The cases resolve the apparent conflict between §§ 522(c) and 553 by construing § 553 as limited to non-exempt property. *In re Alexander,* 225 B.R. at 149. These courts tend to further support this position by pointing to the Bankruptcy Code's policy of providing individuals with an economic "fresh-start." Further, these Courts argue that the legislative history behind § 522 supports the elevation of exemption over setoff. The Senate version of § 522(c), Senate Bill 2266, would have allowed the IRS to subject exempted property to setoffs for tax purposes. Courts have reasoned that because this version was not adopted, Congress had no intention of allowing setoffs to affect exempted property. *See, e.g., Jones,* 230 B.R. at 880; *Alexander,* 225 B.R. at 150; *Monteith,* 23 B.R. at 604. *Junio v. Astoria Fed. Sav.,* No. CV–98–7527, 2002 WL 32001412, at *3 (E.D.N.Y.2002).

### ii. Decisions Favoring Setoff

In the alternative, other courts have permitted a setoff of exempt property, countering that § 553 can only be given meaning if exemptions remain subject to setoff. The court in *In re Bourne* observed that:

> [B]y giving primary effect to the exemption rights of a debtor, the offset right of a creditor is often completely nullified[.] It is just as logical to give effect to both provisions [§§ 522 and 553] by holding that a debtor may claim an exemption which is valid as to all creditors except one having a right of offset.

262 B.R. at 756.

Many of the courts holding that a creditor's right to setoff trumps a debtor's right to exemption look primarily to the plain language of § 553, namely that "[e]xcept as otherwise provided in this section and in sections 362 and 363 of this title, *this title does not affect any right of a creditor to offset a mutual debt*" (emphasis added).

There is no language elsewhere in § 553, in § 362 (the automatic stay provision of the Bankruptcy Code), or in § 363 (dealing with a trustee's use, sale, or lease of property of the estate) that affects the situation where both the creditor and debtor have mutual obligations. *See United States v. Luongo,* 255 B.R. 424, 426–27 (N.D.Tex. 2000) ("clear and unambiguous language of § 553(a)"), *aff'd* 259 F.3d 323 (5th Cir. 2001); *In re Martinez,* 258 B.R. 364, 366 (Bankr.W.D.Tex.2000) ("The clear and unambiguous language of section 553(a) states that Title 11 does not affect a creditor's right of setoff.").

A second rationale for upholding the primacy of setoff over exemption flows from § 542(b) of the Bankruptcy Code, which provides:

> Except as provided in subsection (c) or (d) of this section, an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, *except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor.*

(Emphasis added.)

This provision "enables a creditor who has a valid right of setoff to retain the property, regardless of its exempt status." *In re Eggemeyer,* 75 B.R. 20, 22 (Bankr. S.D.Ill.1987). *See also Posey v. I.R.S.,* 156 B.R. 910 (W.D.N.Y.1993) ("[s]ection 542(b) enables the creditor, with a valid right of setoff, to retain exempt property instead of turning it over to the Bankruptcy Trustee."). A number of courts have reasoned that both § 542(b) and § 553 strongly suggest that as between setoff and exemption, Congress intended to favor setoff. *See, e.g., Wiegand v. Tahquamenon Area Credit Union,* 199 B.R. 639, 643 (W.D.Mich. 1996); *In re Bourne,* 262 B.R. at 754.

Some of the courts which favor exemption have rejected the § 542(b) argument, asserting that by its terms § 542(b) applies only to "property of the estate," and that exempt property is not "property of the estate." *See In re Jones,* 230 B.R. at 881–82; *In re Alexander,* 225 B.R. at 150–51. However, Bankruptcy Judge Thomas correctly interpreted *Strumpf* in finding that Appellees' "claim" to the tax refund *is* property of the estate, and—at least in the Third Circuit—is "exemptible" as such.

A third, closely-related rationale favoring offset over exemption is that the legislative history of § 553 supports a reading giving general primacy to setoffs. "The legislative history of § 553 reiterates that 'the right of setoff is unaffected by the bankruptcy code[.]'" *In re Bourne,* 262 B.R. at 756 (quoting H.R. REP. No. 95–595, 1st Sess. 377 (1977); S. REP. No. 95–989, 2d Sess. 91–92 (1978), U.S. Code Cong. & Admin.News, 1978, pp. 5963, 5787). In enacting the Bankruptcy Act, Congress debated whether exempt property should remain liable for all taxes or just non-dischargeable taxes, ultimately limiting liability to taxes excepted from discharge under § 523(a)(1). "However, the conclusion that exempt property is not liable for discharged taxes does not necessarily preclude offset against property claimed exempt. As the *In re Wiegand* court recognized, there is a distinction between collecting on a unilateral debt and offsetting a mutual obligation." 199 B.R. at 642. *In re Bourne,* 262 B.R. at 757. The *In re Wiegand* court stated further:

> Allowing setoff against exempt property would not undermine the general policy behind the Bankruptcy Code because a debtor will not be denied the ability to hold property exempt from liability for pre-petition debts. Only creditors who possess a valid setoff right can offset their obligation with a debtor's exempt property. Under 11 U.S.C. § 552, debt-

or can still exempt property from the reach of all other creditors possessing pre-petition claims.

199 B.R. at 642.

## C. Consideration of the Present Case

■ After considering the two lines of argument, the Court is compelled by those weighing in favor of the allowance of setoff over exemption. The reading of the Bankruptcy Code taken by the *In re Bourne* court comports with the plain language of § 553 and the principle of statutory construction that requires that statutes be construed so that no part of the statute is rendered void or contradictory. 262 B.R. at 756. With regard to the argument that the legislative history to § 522 favors exemption over setoff, the *In re Bourne* court noted that the legislative history to § 522 "does not mention setoff rights in any respect whatsoever or whether they may be defeated by an exemption." *Id.* at 757. Finally, *In re Bourne* observed that a debtor's fresh start is not always the paramount consideration, and is "often subordinated to other social and economic concerns and objectives." *Id.* The opinion pointedly noted that § 523(a) contains numerous exceptions to the discharge that impinge upon a debtor's fresh start. *Id.* See *In re Morin*, No. 04–46138, 2006 WL 2085224, *6–7 (Bankr.D.N.J. July 11, 2006) (discussing the alternative arguments and finding the more persuasive view to be that Bankruptcy Code § 522(c) is not paramount to § 553).

In the present case, the entire tax refund which the debtors are seeking to recover from the IRS is most accurately described as an obligation owed to them, rather than funds belonging to them. *In re Bourne*, 262 B.R. at 756 (citing *In re Fishbein*, 245 B.R. 36, 38 (Bankr.D.Md. 2000) (federal and state tax refunds are debts owing to debtors rather than

wages)). This Court believes that the text of § 553—which preserves offsets—can be reconciled with § 522(c)'s exemption protection language only if the right of offset is maintained where mutual debts or obligations are owing between the parties. Once a right of offset preserved by § 553 has been established in a debt owed to the estate, a debtor may claim an exemption only in the balance of the debt turned over to the estate after the offset has been exercised. Thereafter, the exempted property is protected from all other pre-petition debts pursuant to § 522(c). This interpretation of the interplay between these two sections is the only one that does not render the operation of § 553 contradictory to its plain language.

To reiterate, the text of § 553 does not contain any reference to § 522(c) as being one of the exceptions that "affects [a] right of a creditor to offset a mutual debt". 11 U.S.C. § 553. The Court believes that reading § 522(c) as paramount to § 553 in many instances completely destroys the offset right of a creditor, and therefore would render the applicability of § 553 contradictory to its plain language. This outcome is violative of one of the core principles of statutory construction, and is impermissible.

Therefore, the Court finds that the Bankruptcy Court erred in allowing the cited provision of § 522(c) to modify the rights provided for in § 553 of the Code to the extent that § 522(c) functioned to limit Appellant's setoff right to the amount of their priority tax claim against Appellees.

## CONCLUSION

For the reasons set forth above, the order of the Bankruptcy Court will be modified. Appellant's motion requesting relief from the automatic stay will be granted. Appellant will be permitted to setoff the entire amount of the Appellees'

2003 income tax refund against Appellees' prior tax liabilities.