FAGG, Circuit Judge.
 

 The sole issue presented on appeal is whether Jehan-Das, Inc.’s payment of the proceeds from its liquidated bankruptcy estate to the Internal Revenue Service (IRS) in partial satisfaction of the IRS’s administrative claim for postpetition taxes is voluntary or involuntary. The bankruptcy court concluded the payment is involuntary. We affirm.
 

 The controlling facts are undisputed. After Jehan-Das filed Chapter 11 bankruptcy in 1981, it incurred a substantial tax liability, including, trust fund taxes for employees’ personal income taxes and social security taxes.
 
 See
 
 26 U.S.C. §§ 3102(a), 3402(a), 7501(a) (1988). The IRS assessed an amount equal to the trust fund portion of the taxes against John Royal, president of Jehan-Das, as the responsible person.
 
 See id.
 
 §§ 6671(b), 6672. When Jehan-Das informed the bankruptcy court a reorganization was not feasible, the court supervised liquidation of the bankruptcy estate. The bankruptcy court then set a deadline for filing administrative claims and ordered Jehan-Das to distribute the liquidation funds in satisfaction of those claims. The IRS filed the only administrative claim, and because the funds available are insufficient to satisfy the entire claim, the IRS will be the only creditor to receive payment.
 

 Despite the bankruptcy court’s order that Jehan-Das distribute the liquidation funds to the IRS, Jehan-Das asked the court to designate its payment to the IRS as voluntary. If the payment is voluntary, Jehan-Das can direct its application to trust fund taxes and relieve Royal of personal responsibility.
 
 See generally In re Energy Resources Co.,
 
 871 F.2d 223, 227 (1st Cir.1989),
 
 affd on other grounds,
 
 — U.S. -, 110 S.Ct. 2139, 109 L.Ed.2d 580 (1990). If the payment is involuntary, however, the IRS will direct its application.
 
 Id.
 
 Typically, the IRS applies involuntary payments to nontrust fund taxes first, thus preserving its recourse to the responsible individual and enhancing its potential for collection of the full amount due.
 
 Id.
 

 We conclude Jehan-Das’s payment to the IRS is involuntary. There is no bright line identifying payments to the IRS as voluntary or involuntary.
 
 Id.
 
 at 228. Rather, we must consider the factors present to determine the character of the payment.
 
 Id.
 
 Jehan-Das liquidated its assets under the control and supervision of the bankruptcy court,
 
 see
 
 11 U.S.C. § 363(b)(1) (1988), and it cannot distribute the funds without court approval,
 
 see id.
 
 § 503(b)(l)(B)(i). The bankruptcy court, in fact, has already ordered Jehan-Das to make the distribution to the IRS as the only administrative claimant.
 
 See id.
 
 § 507(a)(1). The bankruptcy proceeding cannot be closed until Jehan-Das distributes the funds and reports to the court.
 
 See id.
 
 § 350(a). Thus, Jehan-Das has no choice but to pay the funds to the IRS.
 
 *239
 
 Under these circumstances, the payment is involuntary.
 

 Accordingly, we affirm.