**In re Gary L. LAWSON, dba Lawson Construction, and Linda L. Lawson, Debtors.**

**Bankruptcy No. 95–00346.**

United States Bankruptcy Court, D. Idaho.

Sept. 26, 1995.

Richard Alban, Nampa, Idaho, for debtors.

Mary P. Kimmel, Special Assistant U.S. Attorney, Boise, Idaho, counsel for the Internal Revenue Service.

Barry Zimmerman, Trustee.

## MEMORANDUM OF DECISION

ALFRED C. HAGAN, Bankruptcy Judge.

Presently before the Court is the Internal Revenue Service's (IRS) motion for relief from the Code § 362 automatic stay to offset a tax refund owed to the Debtors.

### Factual Background

Gary Lawson and Linda Lawson (the "Debtors") filed their petition for relief under chapter 13 of Title 11 of the United States Code on February 10, 1995.

On the date the petition was filed, the Debtors owed the IRS $24,517.99 in taxes and penalties for 1993 and 1994. Of this amount, only $2,923.92 is general unsecured debt. The remainder is either secured or priority debt. The IRS owes the Debtors a tax refund of $4,663.00 for the 1994 tax year.

### Discussion

The IRS requests the right to offset the Debtors' tax refund first against its general unsecured claim ($2,923.92) and second, against its oldest outstanding priority claim. The Trustee agrees that the IRS has a right to setoff, but contends that the IRS should be required to setoff the entire tax refund against its priority claims.

The setoff of any prepetition debt owing to the debtor is a violation of the automatic stay. 11 U.S.C. § 362(a)(7);[1] See also, United States v. Arkison (In re Cascade Roads, Inc.), 34 F.3d 756, 765 (9th Cir.1994).

However, under certain circumstances, § 553(a) allows a creditor to exercise its right to setoff. Section 553(a) provides in relevant part:

(a) Except as otherwise provided in this section and in section 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case....

11 U.S.C. § 553(a).

"Section 553 does not by itself create a right to setoff. Instead, it merely allows setoffs in bankruptcy to the extent they are allowed under [nonbankruptcy] law." *Carolco Television Inc. v. National Broadcasting Co. (In re De Laurentiis Entertainment Group Inc.)*, 963 F.2d 1269, 1277 (9th Cir.) *cert. denied,* —— U.S. ——, 113 S.Ct. 330, 121 L.Ed.2d 249 (1992). *See also, Camelback Hosp., Inc. v. Buckenmaier (In re Buckenmaier)*, 127 B.R. 233, 237 (9th Cir. BAP 1991) (section 553, "merely preserves the common-law right [to setoff] under applicable non-bankruptcy law.").

26 U.S.C. § 6402(b) allows the IRS to "credit" any taxpayer overpayment to any other tax liability the tax payer may owe. *In re Siebert Trailers, Inc.,* 132 B.R. 37, 40 (Bankr.E.D.Cal.1991). Thus the IRS has a non-bankruptcy right to setoff the Debtors' 1994 refund against the taxes owed.

The refund and the tax claims are mutual within the meaning the section 553. The refund is for overpayments made during the tax period prior to the date the Debtors filed their petition. Therefore, the IRS's obligation to refund the overpayment accrued on December 31, 1994. *In re Throrvund–Statland,* 158 B.R. 837, 93 I.B.C.R. 218, 219 (Bankr.D.Idaho 1993) (J. Pappas) *(citing, In re Conti,* 50 B.R. 142, 148 (Bankr.E.D.Va. 1985)). The tax debt against which the IRS requests the right to setoff the refund also accrued prior to the date the Debtors filed their petition. Accordingly, as the debts are mutual and both debts arose prepetition, section 553 allows setoff of the tax refund.

Section 553, however, "is permissive, not mandatory. 'Its application, when properly invoked before a court, rests in the discretion of that court, which exercises such discretion under the general princi-

---

1. Section 362(a) provides in relevant part:
(a) Except as provided by subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, of—
....

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; ....
11 U.S.C. § 362(a).

ples of equity.'" [*United States v.*] *Norton,* 717 F.2d [767,] at 772 [ (3d Cir.1983) ] (quoting 4 *Collier on Bankruptcy* ¶ 553.02 at 553–11 (15th ed. 1983)).

*In re Cascade Roads, Inc.,* 34 F.3d at 763.

■ Nevertheless, setoff is a favored remedy which should not be denied unless the allowance of the setoff "would not be consistent with the provisions of the Bankruptcy Act as a whole." *Bohack Corp. v. Borden, Inc.,* 599 F.2d 1160, 1165 (2d Cir.1979).

The bankruptcy cases in which courts have exercised discretion to block a setoff may be divided into two general categories.

In one class of cases, the creditor is denied the immediate right of setoff, but the setoff claim is treated as a secured claim as provided by Bankruptcy Code Section 506(a). This situation usually arises in chapter 11 cases where the right of setoff is acknowledged, but the debtor needs the funds owed by the creditors in order to have any chance at a successful reorganization. [citations omitted]....

A second class of cases denies all right of setoff to a creditor either on grounds of public policy or because the creditor committed an inequitable, illegal or fraudulent act.

*In re Blanton,* 105 B.R. 321, 337 (Bankr. E.D.Va.1989).

■ The Trustee does not contend the Debtors need the tax refund in order to enable them to finance their Chapter 13 plan. Nor does the Trustee contend the IRS has engaged in fraudulent or inequitable conduct. Rather, the Trustee contends that because a chapter 13 debtor's plan must provide for full payment of the IRS's priority debt, allowing the IRS to offset the refund against its general unsecured debt rather then its priority debt would give it a preference over the other general unsecured creditors.

However, except in the extraordinary situation of a 100% payout plan or liquidation, setoffs generally result in a preference for creditor exercising his right to setoff.

"[T]hose who drafted [the Bankruptcy Code] knew that [the] free exercise [of setoff rights] could inhibit ... bankruptcy policies like fair distribution of funds inad-

equate to satisfy the debts of the petitioner in bankruptcy...."

*In re Cascade,* 34 F.3d at 766 (*quoting, United States v. Norton,* 717 F.2d 767, 773 (3d Cir.1983)).

The IRS's proposed use of its setoff is no more inequitable then other ordinary setoffs. For example, if a bank had a $2,000.00 unsecured claim against a debtor and the debtor had $1,000.00 in a checking account at the bank, the bank would be entitled to offset the $1000.00 account against the $2,000.00 claim even though the offset would result in a $1,000.00 "preference" for the bank.

Similarly, if in the present case, the IRS is allowed to use its offset against its general unsecured claim it will receive a preference of $2,923.92.

Consider how this situation might change if the hypothetical bank discussed above also had a $1000.00 fully secured claim. If the bank were to use its offset against its unsecured claim it would receive a $1,000.00 preference and presumably receive full payment for its secured claim through the plan. If the bank were to use its right of offset against its secured claim, it would receive its remaining $1,000.00 secured claim through the plan and would not receive any preferential treatment with regard to its unsecured claim. Thus, because applying its setoff to its secured claim would effectively deprive the bank of the preferential value of its setoff, the bank's best course would be to apply its offset to its unsecured claim.

Similarly, the IRS's best course is to apply its offset to its non-priority claim first. There is nothing inequitable about the IRS's choice. In fact, at least one court has held that to allow the debtor to apply his claims first to the IRS's priority claims would be inequitable:

The priorities given by Section 507 are expressions of Congressional policy that certain claims against a debtor should be given priority in payment above others. It would completely defeat this statutory scheme if a debtor were allowed to setoff its claims against the creditor, *first* against the creditors['] priority claims and *second-*

*ly* against the creditors['] non-priority claims.

. . . .

In equity, therefore, the Court finds that [the debtor's] claims against the United States should first setoff against the *non-priority* claims of the United States in order to preserve the priority payment scheme as expressed in the Bankruptcy Code.

*In re Braniff Airways, Inc.,* 42 B.R. 443, 452 (Bankr.N.D.Texas 1984). *See also In re Carter,* 125 B.R. 832, 835 (Bankr.C.D.Kan.1991) (citing *In re Braniff Airways* for the proposition that the debtor may not require the IRS to setoff the debtors' tax refund against the IRS's priority claims first.)

Accordingly, the IRS's motion for relief from the automatic stay to setoff the Debtors' tax refund is granted. The Trustee's objection to the IRS's proposed allocation of the setoff is denied.