**Richard and Kymberly LAZAR, Debtors.**

**Bankruptcy No. 97–51036.**

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

Feb. 20, 1998.

Marc P. Gertz, Akron, OH, for Debtors.

James Bickett, Akron, OH, for U.S., I.R.S.

**Opinion and Order Granting the United States' Motion for Relief from the Automatic Stay**

MARILYN SHEA-STONUM, Bankruptcy Judge.

This matter came before the Court on the IRS's motion for relief from the automatic stay to set off an income tax overpayment and the debtors' motion for turnover of the tax refund. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (G) and (O), referred to this Court by the Standing Order of Reference entered in this District on July 16, 1984.

*Undisputed Facts*

The following facts are undisputed by the parties. On April 15, 1997, the debtors filed a chapter 13 petition under title 11 of the United States Code. The debtors' schedule of monthly expenses reflect the following:

| | |
|---|---|
| Mortgage payment | $600.00 |
| Electricity | $160.00 |
| Telephone | $ 25.00 |
| Food | $400.00 |
| Clothing | $100.00 |
| Laundry | $ 20.00 |
| Medical Dental | $125.00 |
| Transportation | $400.00 (not including car payment) |
| Recreation, etc. | $100.00 |
| Insurance | $130.00 |
| Property Taxes | $110.00 |
| Support Payments | $390.00 |
| Business Expenses | $ 75.00 |
| TOTAL | $2,635.00 |

On April 15, 1997, the debtors also filed their chapter 13 plan (the "Plan") which proposed to pay the IRS's secured and priority claims in full. The remaining general unsecured claim would be paid through the Plan at 15 percent. This Court confirmed the Plan on June 4, 1997.

At the time of filing, the debtors had made an income tax overpayment in the amount of $3,845.00 for the 1996 tax year. On July 29, 1997, the Internal Revenue Service (IRS) filed an amended proof of claim in the amount of $13,244.53. After the IRS had allocated that claim in differing secured, priority, and general unsecured amounts in the original and amended claim, the IRS and debtors stipulated on February 2, 1998 that the claim of the IRS would be allocated as follows: a secured claim of $7,462.00; an unsecured priority claim of $1,224.45; and an unsecured general claim of $4,558.08.

On August 20, 1997, the IRS filed a motion for relief from stay seeking to set off the tax refund owing to the debtors against the general unsecured portion of the IRS's claim.[1] On September 4, 1997, the IRS filed a memorandum in support of the motion claiming that it has presented a *prima facie* case for set off and that, if the debtors' needs have changed, those needs should be taken into account by redetermining the disposable income to pay into the chapter 13 Plan and the debtors then should seek to modify the Plan.

In response to the motion for relief from stay, the debtors argue that the Court should deny the motion for equitable reasons and direct the IRS to pay the refund to the debtors so that they can use it to pay other expenses. As detailed in debtors' Exhibit 2, the debtors identified several possible uses for the refund: property taxes ($1,301.35); car repairs ($2,452.61); septic tank cleaning ($80.00); curtains ($1,443.23); eye glasses ($200.00); hot water tank ($301.39); medical bills ($143.23); and school clothes ($500.00). Those expenses total $6,421.81. The IRS contends that such expenditures have already been addressed generally in the debtors' budget and the debtors have failed to demonstrate any unusual necessity to defeat the set off rights of the IRS.

### Relevant Authorities and Analysis

Under 11 U.S.C. § 553, a creditor may offset a mutual debt that is owed by the creditor to the debtor if it arose prior to the commencement of the case. 11 U.S.C. § 553(a). *See In re Whitaker*, 173 B.R. 359 (Bankr.S.D.Ohio 1994) (detailing the elements necessary to prove the right to set off). The debtors do not dispute that the elements of set off have been met by the IRS in this case. Instead they argue that, because the right of set off is not mandatory but in the discretion of the court, this Court should find that the debtors have shown equitable cause to deny the IRS's motion.

The application of set off is permissive and can be modified through the exercise of the equitable powers of the court. *DuVoisin v. Foster (In re Southern Ind. Banking Corp.)*, 809 F.2d 329, 332 (6th Cir. 1987). Once the IRS makes a *prima facie* showing of cause, the debtor may rebut that right to set off and argue reasons why set off would be inequitable. *In re Southern Ind. Banking Corp.*, 809 F.2d at 332 ("The intent of the statute is clear that one creditor should not be unfairly favored over the class of creditors and, when justice dictates, set off must be denied."); *In re Lawson*, 187 B.R. 6, 8 (Bankr.D.Idaho 1995) (stating that set off may be denied on ground of public policy or because the creditor committed an inequitable, illegal or fraudulent act); *Brunswick Corp. v. Clements*, 424 F.2d 673 (6th Cir. 1970) (a court must exercise its discretion under the general rules and principles of equity).

---

1. Pursuant to 26 U.S.C. § 6402(a), the IRS may credit an overpayment against any liability of the person making the overpayment. In the absence of any direction by a taxpayer, the IRS can apply an involuntary payment or an undesignated voluntary payment to any liability of the taxpayer. *In re Schilling*, 177 B.R. 862, 863–64 (Bankr. N.D.Ohio 1995) (citing *DuCharmes & Company v. State of Michigan (In re DuCharmes & Compa-* *ny)*, 852 F.2d 194, 196 (6th Cir.1988)); *National Bank of the Commonwealth v. Mechanics' Nat'l Bank*, 94 U.S. 437, 439, 24 L.Ed. 176 (1876). However, if the taxpayer makes a designated voluntary payment, the IRS must allocate the payment according to the taxpayer's wishes. *Id.* Whether the debtors could have directed the IRS to pay certain liabilities was not raised as an issue.

The debtors argue only that they need the funds to pay other expenses and that their Plan provides for payment of the tax debt. The debtors cite no authority to demonstrate that simply the need for the refund itself is a sufficient equitable ground for this Court to deny the IRS's motion for relief from the automatic stay. *See Dwyer v. IRS (In re Dwyer)*, 1992 WL 547730 (Bankr. S.D.Ohio 1992) (stating that the debtors did not demonstrate their need for the tax refund in order to pay automobile expenses, school expenses and phone bills). Furthermore, many of the expenses listed in debtors' Exhibit 2 to which they would like to apply the refund are already budgeted. For example, the debtors have budgeted property taxes at $110.00 per month, clothing at $100.00 per month, medical and dental expenses at $125.00 per month, and transportation costs at $400.00 per month. Those expenses that the debtors would like to pay that are not budgeted are the septic tank cleaning ($80.00), a new hot water tank ($301.39), and new curtains (estimated at $1,443.23).

In essence, the debtors seek to receive the tax refund, which is the equivalent of collateral to the IRS, without affording the IRS any of the rights to which the holder of such a secured claim would be entitled in a chapter 13. *See* 11 U.S.C. § 506.

The debtors have not demonstrated to the Court why it is crucial for them to spend $1,443.23 out of a tax refund of $3,845.00 on new curtains nor have they demonstrated why they need additional funds for those expenses that appear to already be adequately budgeted for in their schedules. It is not sufficient for a debtor simply to assert that he or she "needs" the refund in order to sustain the turnover of a refund or to deny the right to set off. The debtors' opposition to the IRS's § 553(a) motion is overruled for failure of proof.

Accordingly, the debtors' motion for turnover will be denied and the IRS's motion for relief from stay will be granted. The IRS is directed to provide an accounting to the Chapter 13 Trustee of the application of the set off amount to amounts addressed in its amended proof of claim.

**IT IS SO ORDERED.**