**In re Leonard Alexander PACE and Loretta Janine Pace, Debtors.**

No. 00–42314–13.

United States Bankruptcy Court,
W.D. Missouri.

Dec. 18, 2000.

Scott W. Owens, Altamont, NY, for Debtors.

Douglas S. Polsky, Special Assistant United States Attorney.

Richard V. Fink, Kansas City, MO, Chapter 13 Trustee.

## ORDER

FRANK F. KOGER, Bankruptcy Judge.

On June 22, 2000, Leonard Alexander Pace and Loretta Janine Pace filed their petition under Chapter 13 of the Bankruptcy Code. On their Schedule E, they listed three unsecured priority claims, including one to the Internal Revenue Service in the amount of $1,222.00 for their 1996 and 1997 federal income taxes. On their Schedule B, they listed a federal income tax refund in the amount of $1,203.00 for the years 1998 and 1999 and claimed the overpayment as exempt under Mo.Rev.Stat. §§ 513.430(3) and 513.440, although at the time they filed their petition, they had not yet filed their income tax returns for those years. The Debtors also filed a Chapter 13 Plan, proposing to pay the IRS and two other priority claims in

full over 36 months pursuant to 11 U.S.C. § 1322(a)(2) and § 507.

On July 5, 2000, the Debtors filed a Memorandum with the Court indicating that all required federal and state tax returns for the years 1996, 1997, 1998, and 1999, had been filed with the appropriate agencies. With no objections to the Debtors' proposed plan having been filed, the Court entered an Order Confirming Chapter 13 Plan on July 31, 2000.

On August 31, 2000, the IRS filed a Proof of Claim, asserting an unsecured priority claim in the amount of $742.00, representing the tax and interest due on the Debtors' 1997 federal income taxes, and a general unsecured claim in the amount of $27,015.97, representing taxes and interest due on the Debtors' 1987 through 1991 tax years. The IRS's claim states that the Debtors' tax obligation is not subject to any setoff.

On October 11, 2000, the United States of America, on behalf of the IRS, filed a motion to lift the automatic stay so that it could set off pre-petition 1998 and 1999 income tax overpayments against the IRS's pre-petition claim for the years 1987, 1988, 1989, 1990, 1991, and 1997. The Debtors answered, stating that although they did not oppose the tax overpayments being set off by the IRS, such setoff must be used to pay priority tax claims before any general unsecured tax claims. The Court conducted a hearing on the motion and the parties have filed briefs in support of their relative positions.

This case presents no factual disputes and the Debtors do not dispute that the overpayments may be used to set off the IRS's claim. Instead, the dispute here is the purely legal question of whether the IRS may apply the overpayments to the general unsecured portion of its claim. For the reasons that follow, this Court finds that it may not: the overpayments must be applied against the priority claims, as Debtors suggest.

Section 553 of the Bankruptcy Code provides that "[e]xcept as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt." 11 U.S.C. § 553(a). Under § 553, in order to establish that a valid right to setoff exists, the United States must show that: (1) a pre-petition debt owed by the IRS to the debtors; (2) a pre-petition claim of the IRS against the debtors; (3) that the claim and the debt are mutual obligations; and (4) that the IRS would have a right to setoff the debts under nonbankruptcy law. *In re South Park Care Assocs., Inc.*, 203 B.R. 445, 448 (Bankr.W.D.Mo.1996). While § 553 "preserves whatever setoff rights a party has outside of bankruptcy," *In re South Park*, 203 B.R. at 447, "the language of § 553(a) has been construed as being permissive in nature, rather than mandatory," and its application, when properly invoked, "rests in the discretion of that court, which exercises such discretion under the general principles of equity." *Alexander v. Commission, Internal Revenue Serv. (In re Alexander)*, 225 B.R. 145, 147 (Bankr. W.D.Ky.1998), aff'd, 245 B.R. 280 (W.D.Ky.1999) (citations omitted). As mentioned above, the parties agree that setoff applies in this case[1] and that the sole question here is how to apply the setoff.

The IRS contends that because the setoff is involuntary in nature, the IRS may apply the setoff in its own best interest. *See United States v. Energy Resources Co.*, 495 U.S. 545, 548, 110 S.Ct. 2139, 2141, 109 L.Ed.2d 580 (1990) (if the payment is voluntary, the debtor may direct its application; if the payment is involuntary, the IRS will direct the application). According to the IRS, since the setoff in this case

1. The IRS's nonbankruptcy right to setoff stems from 26 U.S.C. § 6402 which provides that the IRS may credit overpayments to other liabilities that the taxpayer may owe and that only after those credits have been applied do the taxpayers receive a "refund." *See In re Siebert Trailers, Inc.*, 132 B.R. 37, 40 (Bankr.E.D.Cal.1991).

**920**

would be made pursuant to court order, it is involuntary in nature and therefore the IRS may apply the overpayment as it deems appropriate, namely, against the 1987 tax liability which is included in the general unsecured portion of the claim. *See In re Jehan–Das, Inc.*, 925 F.2d 237, 238 (8th Cir.1991) (holding that the debtor's payment to the IRS was involuntary because it was ordered by the bankruptcy court and that the IRS could therefore apply the payment as it deemed appropriate) (citing *In re Energy Resources Co.*, 871 F.2d 223, 227 (1st Cir.1989), aff'd. on other grounds, 495 U.S. 545, 110 S.Ct. 2139, 109 L.Ed.2d 580 (1990)).

Debtors, on the other hand, assert that because they claimed the tax overpayments as exempt, the IRS can only set off against the priority claim in accordance with § 522(c). Section 522(c) provides that property exempted under that section is not liable for any pre-petition debt, except certain listed debts, including taxes excepted from discharge under § 523(a)(1). 11 U.S.C. § 522(c)(1). This includes taxes on or measured by income for a taxable year ending on or before the filing of the petition for which a return is last due within the three years before filing the petition, or in other words, the priority tax claims in this case. 11 U.S.C. §§ 523(a)(1) and 507(a)(8)(A)(i). Thus, according to the Debtors, the exempted overpayments can only be used to offset the priority tax claim of $742.00 and the remaining overpayment must be refunded to them.

■ Although Debtors cite no case law authority to support this theory, many courts have considered the interplay between sections 553 and 522 and the majority of the cases do in fact support the Debtor on this point. *See In re Alexander*, 225 B.R. at 148 (listing cases and siding with the majority position that property exempted from the estate pursuant to § 522 may not be the subject of setoff). This Court also agrees with the majority view on this issue: the IRS's right to setoff under § 553 must yield to the Debt-

or's right to exempt and protect assets under § 522. *Id.* at 149. Otherwise, § 522(c) would have no meaning and a debtor would completely lose the ability to exempt property from the reach of creditors possessing a right of setoff under § 553. *Id.* Furthermore, this Court agrees with those cases which have determined that this construction of these two Code provisions "comports with the purposes and policies of the Bankruptcy Code, chief among which is providing Debtor with a fresh start." *Id.; accord In re Jones*, 230 B.R. 875 (M.D.Ala.1999) (IRS properly offset debtor's exempt tax refund against her nondischargeable tax debt but not against her two dischargeable tax debts); *but see United States v. Luongo*, 255 B.R. 424 (N.D.Tex.2000) (agreeing with the minority view); *In re Eggemeyer v. Internal Revenue Service*, 75 B.R. 20 (Bankr.S.D.Ill.1987).

This Court does not question that the IRS has accurately stated the holdings of *Energy Resources* and *Jehan–Das* and that, absent a claimed exemption in the overpayments, the IRS would have the authority to apply the overpayments as it deemed fit. However, those cases are distinguishable from the case at bar because neither of them involved a claimed exemption in the overpayments. In addition, as discussed above, this Court agrees with the majority of courts finding that the IRS's right to setoff must yield to the Debtors' right to their exemptions. Consequently, this Court finds that although the IRS can set off the overpayments against the priority tax claim pursuant to § 522(c), it cannot use the overpayments in which the Debtors have claimed an exemption to offset general unsecured tax claims.

■ The IRS also asserts that pursuant to § 506, the overpayments secure the pre-petition federal income taxes owed by the Debtors. Section 506(a) provides, in pertinent part:

(a) An allowed claim of a creditor secured by a lien on property in which the

estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to set-off, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to set off is less that the amount of such allowed claim.

11 U.S.C. § 506(a). At first blush, this argument has merit: under this provision, a right to setoff under § 553 can constitute "collateral" for a claim that may otherwise be unsecured. However, because the Court has already determined that the set-off rights in § 553 yield to the exemption rights in § 522, the "security" provided in § 506, which is based on the setoff rights under § 553, must likewise yield. In other words, the IRS is only "secured" to the extent that the setoff is not limited by the Debtors' exemptions. Under the particular facts of this case, the overpayments are completely subsumed by the exemptions and so the IRS is not "secured" at all.[2]

Because the Court has determined that the IRS's right to setoff is limited by the Debtors' unchallenged exemptions, the Court need not discuss the Debtors' remaining arguments regarding waiver and the binding effect of the confirmed plan.

### Conclusion

Because the Debtors have claimed an exemption in the 1998 and 1999 income tax overpayments, the IRS may apply those funds as a setoff against the Debtors' priority tax claim. The remaining overpayment must be returned to the Debtors as exempt property. The automatic stay is lifted so that the IRS can apply the overpayments as directed in this opinion.

---

**2.** The sole case relied upon by the IRS in support of this position, *In re Lazar*, 219 B.R. 212 (Bankr.N.D.Ohio 1998), is distinguishable for several reasons, primarily because it did not involve a overpayment in which the debtors claimed an exemption. In addition, the issue presented to the court in that case was whether the Chapter 13 debtors were entitled, under principles of equity, to an actual refund of tax overpayments so that they could buy unbudgeted items such as curtains. The Court in that was not faced with the issue as to which of the three types of tax claims (secured, priority or general unsecured) the overpayments should be applied.