# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1326

_____

In re: Dennis Harker,                          *
                                               *
              Debtor,                          *

- - - - - - - - - - - - - - - - - - - - - -    Appeal from the United States
                                               Bankruptcy Appellant Panel
Dennis Harker,                                 *
                                               *
              Appellant,                       *
                                               *
       v.                                      *
                                               *
United States of America (Acting               *
through the Internal Revenue Service),         *
                                               *
              Appellee.                        *

_____

Submitted:  December 17, 2003

Filed:   February 10, 2004

_____

Before MORRIS SHEPPARD ARNOLD,  HEANEY, and RILEY, Circuit Judges.

_____

HEANEY, Circuit Judge.

This is a tax evasion case which has been in the courts for over a decade. The facts have been discussed several times below[1] and are summarized here for the purposes of this appeal.

In 1994, the United States Tax Court determined that Dennis Harker was responsible for certain tax deficiencies and fraud penalties for the years 1985-87. Harker v. Comm'r, 68 T.C.M. (CCH) 1272 (1994), aff'd, 82 F.3d 806 (8th Cir. 1996). On May 1, 1995, the Tax Court entered a decision stating the amount of Harker's tax deficiencies. On May 16, 1995, Harker filed a Chapter 13 petition in bankruptcy court. The bankruptcy court determined that the petition was filed in bad faith and ordered Harker to convert the case to a Chapter 7 proceeding within 20 days, or an automatic dismissal would be entered. In re Harker, No. 95-1417-CH, 1996 WL 905910 (Bankr. S.D. Iowa June 14, 1996), aff'd, 112 F.3d 513 (8th Cir. 1997) (unpublished table opinion). Harker failed to convert the case and his Chapter 13 bankruptcy case was dismissed.

On July 12, 1996, the IRS recorded notices of federal tax liens with respect to Harker's 1985-87 liabilities totaling $1,073,298.20, and announced its intent to sell two of Harker's properties.[2] Harker filed a motion requesting that the court find the filing of the tax liens void as a violation of the automatic stay issued in the Chapter 13 case. The bankruptcy court denied the motion, holding that the automatic stay terminated when Harker failed to convert his Chapter 13 case to a Chapter 7 case within the 20-day period in accordance with its prior order.

---

[1] See, e.g., In re Harker, 286 B.R. 84 (B.A.P. 8th Cir. 2002); In re Harker, No. 97-4088-CH, 2002 WL 1058108 (Bankr. S.D. Iowa April 15, 2002).

[2] When the properties were finally sold, they yielded total proceeds of $283,578.16, which the IRS applied to Harker's 1987 tax liabilities.

On September 8, 1997, Harker filed a Chapter 7 bankruptcy case and on September 23, 1997, he filed a complaint commencing this adversary proceeding to determine the dischargeability of his 1985-87 tax liabilities under the bankruptcy code. The bankruptcy court determined that the 1985 and 1986 tax, penalties, and interest, and the 1987 liabilities, which did not include tax, were dischargeable. The United States appealed and the district court affirmed the bankruptcy court's determination with respect to the penalties for 1985-87 and the taxes for 1987, but reversed the bankruptcy court's conclusion as to the taxes and interest for 1985 and 1986. The district court then remanded the case to the bankruptcy court to determine the amount of Harker's nondischargeable taxes and interest.

On remand, the bankruptcy court held a hearing on the issue of the amount of the nondischargeable liabilities. The United States moved to supplement the record with a declaration by IRS Revenue Officer Howard Hoy. Harker objected to the motion to supplement the record, complaining that he would be denied the opportunity to cross examine Hoy if the declaration was filed. The bankruptcy court did not allow the filing of the Hoy declaration, but reopened the record for additional oral testimony from Hoy. At the close of evidence, the bankruptcy court entered an order determining the amount of Harker's tax, interest, and other nondischargeable liabilities to be $76,819.54 for 1985 and $532,761.96 for 1986. In re Harker, 2002 WL 1058108 at *8. The bankruptcy appellate panel (BAP) affirmed the bankruptcy court's order, In re Harker, 286 B.R. 84 (B.A.P. 8th Cir. 2002), and this appeal followed. Harker now argues that the bankruptcy court: (1) erred in finding that the government carried its burden of proof in showing that Harker owed any tax or interest for the years 1985 and 1986; (2) erred in holding that the tax lien on his property was valid and that the payments credited from the sale were involuntary; (3) abused its discretion in reopening the record to allow for additional testimony from Hoy; and (4) erred in refusing to exercise its equitable powers in favor of Harker. We reject these arguments and now affirm as well.

**ANALYSIS**

Like the BAP, our court reviews the bankruptcy court's factual findings for clear error and its conclusions of law de novo. In re Vote, 276 F.3d 1024, 1026 (8th Cir. 2002).

On appeal, Harker first argues that the bankruptcy court erred in finding that the government carried its burden of proof in showing that Harker owed any tax or interest for the years 1985 and 1986. According to Harker, the court erred in finding that the certified tax assessments constituted prima facie evidence of Harker's tax liability. Harker argues that such a "presumption of correctness" was inappropriate in this case alleging that the tax assessed by the Tax Court does not match Hoy's testimony as to the amount of tax owed. This difference, suggests Harker, makes the assessment inaccurate on its face; thus the government did not meet its burden of proof, nor did the burden shift to Harker.

We disagree. "Tax assessments made by the IRS are presumed correct and the taxpayer bears the burden of proving, by a preponderance of the evidence, that the assessment is erroneous." N.D. State Univ. v. United States, 255 F.3d 599, 603 (8th Cir. 2001). Harker did not present any affirmative testimony or evidence regarding the correct amount of the 1985 and 1986 liabilities. Instead, Harker merely asserts that the tax assessed by the Tax Court does not match the tax presented in Hoy's testimony. After reviewing the record, we fail to see this discrepancy and such a blanket assertion, without more, does not rise to the level necessary to dispute the "presumption of correctness." Furthermore, pursuant to 11 U.S.C. § 505(a)(2)(A), a bankruptcy court may not determine "the amount or legality of a tax . . . if such amount or legality was contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction." Accordingly, the bankruptcy court

did not have jurisdiction to redetermine Harker's tax liability which was established in a prior Tax Court decision.[3]

Harker next argues that the bankruptcy court erred in finding that the tax lien on his property was valid. According to Harker, since the lien on his property was filed prior to the dismissal of his Chapter 13 proceeding, the tax lien was not valid because liens cannot attach to property until it is shown that the taxes assessed will not be discharged in a bankruptcy proceeding. Harker further argues that since the lien was not effective, no sale could be undertaken by the IRS, and any payment credited from the sale must be considered voluntary and attributed to principal, not interest, as the IRS did.

The district court remanded this case to the bankruptcy court with the specific mandate of determining the amount of Harker's nondischargeable tax liabilities. Arguments about the validity of a lien, therefore, are outside the scope of the remand order and this appeal. Thornton v. Carter, 109 F.2d 316, 319-20 (8th Cir. 1940) (holding that a lower court is bound by the decree of the appellate court and "can only enter a judgment or decree in strict compliance with the [appellate court's] mandate"). As stated by the BAP, the bankruptcy court had no authority to decide any issue that did not "directly influence the calculation of taxes and interest due." (App. at 267.)

In addition, because the proceeds from the sale of Harker's properties were obtained through a legal proceeding in which the government sought to collect delinquent taxes, they are considered involuntary payments. United States v. Pepperman, 976 F.2d 123, 127 (3d Cir. 1992). The IRS may apply involuntary

---

[3] This same analysis applies to Harker's additional argument that he was not properly credited for certain payments made prior to the May 1, 1995 Tax Court decision. The bankruptcy court and the BAP accurately concluded that Harker was precluded by the prior Tax Court decision from challenging the application of these payments.

payments to whichever liability of the taxpayer it chooses. In re Jehan-Das, Inc., 925 F.2d 237, 238 (8th Cir. 1991).

Harker next argues that the bankruptcy court abused its discretion in reopening the record to allow for the testimony of Hoy nearly a year after the record was closed. "A decision to reopen the record is within the sound discretion of the trial court." In re Grimm, 168 B.R. 102, 106 (Bankr. E.D. Va. 1994). Here, the bankruptcy court found that the "current state of the record" was deficient to determine Harker's nondischargeable tax liability as mandated by the district court. (App. at 283.) Harker had at least three months to prepare for Hoy's testimony and was given the opportunity to cross-examine Hoy. Based on this record, we find no abuse of discretion on behalf of the bankruptcy court in reopening the record.

Finally, Harker asks the court to use it equitable powers to bring an end to his obligations to the IRS. This we refuse to do.

## CONCLUSION

Since filing the briefs in this case, the United States has notified this court of an error in the amounts assessed against Harker in favor of the United States. Therefore, although we affirm the bankruptcy court's findings in their entirety, we remand this case back to the bankruptcy court for the limited purpose of entering a corrected judgment, in accordance with the letter from the United States, reducing the amount of Harker's nondischargeable liabilities to $65,748.16 for 1985 and $466,006.15 for 1986.

_____