In re Anthony H. LYBRAND and Micki Jo Lybrand, Debtors.

No. 6:04–bk–78412.

United States Bankruptcy Court,
W.D. Arkansas,
Hot Springs Division.

March 9, 2006.

Annabelle Patterson, Dickerson Law Firm, Hot Springs, AR, for Debtors.

## ORDER

JAMES G. MIXON, Bankruptcy Judge.

On this date, the Court considers the objection to confirmation of plan filed by the United States of America, by and through its agency, the Internal Revenue Service ("IRS"), on June 13, 2005, and a motion to lift the automatic stay to set off a tax refund filed by the IRS on June 14, 2005. Anthony and Micki Lybrand ("Debtors") do not object to the motion to lift the automatic stay. The issue at bar is whether the IRS may allocate a prepetition tax refund to offset the prepetition tax liability of its choice.

The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G) and (L), and the Court has jurisdiction to enter a final judgment in this case.

*FACTS*

On December 27, 2004, the Debtors filed a voluntary petition for relief under the provisions of Chapter 13 of the United States Bankruptcy Code. The Debtors' original plan, filed the same date, proposed to pay in full a priority claim due the IRS in the sum of $8000.00 in accordance with the requirements of 11 U.S.C. § 1322(a)(2). On March 30, 2005, the Debtors filed their first modified plan, which did not change the treatment of the claim of the IRS. The Debtors' modified plan was confirmed on April 28, 2004.

On May 18, 2005, the Debtors filed their second modified plan. The plan provided the following as to the claim of the IRS:

1. IRS Debtors have objected to the claims of IRS, and believe that the correct amount owed on priority claim to be $7,824.00. The Debtors will amend plan if claim is allowed for more than $7,824.00.

The Debtors filed their third modified plan on May 24, 2005. The third modified plan did not change the treatment of the claim of the IRS.

On June 13, 2005, the IRS filed an objection to confirmation of the second modified plan. The IRS alleged that the proper amount of the priority claim was $10,257.58 instead of the Debtors' claimed amount of $7824.58 and that the plan failed to provide for full payment of the priority claim as required by 11 U.S.C. § 1322(a)(2).

On June 14, 2005, the IRS filed a motion to lift the automatic stay to set off a 2003 tax refund due the Debtors in the sum of $2434.00 against its amended claim dated March 8, 2005, in the total amount of $21,579.69 in tax liabilities for the years 1999 through 2002. The motion further states that the IRS retained $5096.13 in a suspense account.

On October 26, 2005, a hearing was held in Hot Springs, Arkansas, on the objection to confirmation by the IRS and the motion to lift the automatic stay filed by the IRS. The matter was submitted upon stipulated facts and both parties have filed briefs.

The parties entered into the following stipulation of facts:

1. The debtors filed a petition for Chapter 13 relief on December 27, 2004. Debtors' Chapter 13 Plan was confirmed on April 28, 2005.

2. On June 9, 2005, the Internal Revenue Service filed Amendment No. 2 to Proof of Claim dated March 8, 2005, in the total amount of $21,579.69 for tax liabilities for 1999 through 2002.

3. The Proof of Claim of the IRS reflects an unsecured priority claim in the amount of $10,257.58, and an unsecured general claim in the amount of $11,322.11.

4. The debtors have a tax refund due them for 2003 in the amount of $2,434.00. . . .

5. The 2003 tax refund is for a tax period before the petition date. The obligation of the IRS to the debtors for this refund has mutuality with the pre-petition debt owed by the debtors to the IRS as described in Paragraph 2 above.

6. The debtors are currently $1,019.70 in arrears on their Chapter 13 plan payments.

7. The debtors have no income other than the debtor husband's social security disability in the amount of $1,334.00 per month. Both debtors have serious medical problems, and monthly expenses for health expenses which have increased substantially since filing.

8. An offset of the tax refund against the general unsecured claim, will result in an increase of the debtors' plan payment.

9. Any increase in debtors' plan payment, will render the plan non-feasible and debtors will be unable to fund such a plan.

(Stipulation of Facts, December 5, 2005.)

## ARGUMENT

The IRS asserts that it holds an unsecured priority claim, pursuant to 11 U.S.C. § 507(a)(8), in the amount of $10,257.58 and a general unsecured claim in the amount of $11,322.11. The IRS argues that it is entitled to set off the tax refund due the Debtors against the nonpriority portion of its claim. The IRS states that the taxpayers have no right to direct how overpayments of their tax liability should be applied and cannot require that overpayments first be credited against those tax liabilities that are not dischargeable in bankruptcy.

The Debtors do not.dispute the amount of the claimed right of setoff or the right of the IRS to exercise the right of setoff, but argue that this Court should order the IRS to apply the setoff amount against the priority portion of the claim pursuant to its equitable power granted under 11 U.S.C. § 105(a). The Debtors state that otherwise the plan payments will have to be increased, and the Debtors do not have sufficient income to pay increased payments. Therefore, the plan will fail.

## DISCUSSION

■ As stipulated, a portion of the tax debt is a priority claim. The Bankruptcy Code provides that a Chapter 13 debtor must propose a plan that will pay the IRS's priority claim in full. 11 U.S.C. § 1322(a)(2)(2000). If the refund is set off against the priority debt, that debt will be reduced. Thus, the Debtors can make a significantly smaller monthly plan payment and still comply with the provisions of Chapter 13 that require full payment of priority claims. In contrast, the IRS can maximize its recovery through the plan by setting off the refund monies against the general unsecured debt because its priority debt must be paid in any event. If the refund is applied to the priority claim as the Debtors advocate, the IRS will receive little or no payment on its general unsecured claim through the plan, and the balance remaining upon plan completion will be discharged.

■ Generally, if a taxpayer voluntarily pays a tax obligation, that taxpayer may direct how the payment is applied. *Internal Revenue Serv. v. Kaplan (In re Kaplan)*, 104 F.3d 589, 599 (3d Cir.1997)(citing *In re Energy Resources Co.*, 871 F.2d 223, 227 (1st Cir.1989)(citing Rev. Rul. 79–284, 1979–2 C.B. 83, 1979 WL 51035; *Slodov v. United States*, 436 U.S. 238, 98 S.Ct. 1778, 56 L.Ed.2d 251 (1978)); *United States v. Pepperman*, 976 F.2d 123, 127 (3d Cir. 1992)); *Jehan–Das Inc. v. United States (In re Jehan–Das Inc.)*, 925 F.2d 237, 238 (8th Cir.1991) (citing *In re Energy Resources Co.*, 871 F.2d 223, 227 (1st Cir. 1989)).

■ However, if the payment is deemed to be an involuntary payment, the IRS is free to allocate the payment in the way that will maximize recovery of the taxes due. *In re Harker*, 357 F.3d 846, .849 (8th Cir.2004) (citing *In re Jehan–Das, Inc.*, 925 F.2d at 238). *See also United States v. Ryan (In re Ryan)*, 64 F.3d 1516, 1524 (11th Cir.1995) (holding that "[p]ursuant to clear statutory authority and the implementing Treasury Regulations, the IRS has the discretion to designate the applications among a taxpayer's various tax liabilities"); *Pepperman*, 976 F.2d at 127 (stating that long-standing

IRS policy that taxpayers may designate the application of voluntary but not involuntary payments (citations omitted)); *In re DuCharmes & Co.*, 852 F.2d 194, 196 (6th Cir.1988) *(per curiam )* (ruling that involuntary payments are allocated by the IRS, allowing the government to maximize its recovery); *In re Ribs–R–Us, Inc.*, 828 F.2d 199, 203 (3d Cir.1987) (concluding that Chapter 11 corporate debtor's involuntary payments could not be allocated between portions of tax liability); *Kalb v. United States*, 505 F.2d 506, 509 (2d Cir. 1974) (stating that IRS has statutory authority to apply a refund, whether classified as voluntary or involuntary, to any tax liability); *Pacific Nat'l Ins. Co. v. United States*, 422 F.2d 26, 33 (9th Cir. 1970) (asserting that insurance company surety stipulated that, absent a specific request, IRS has the discretion to apply any available funds to a taxpayer's obligation in accordance with the agency's own procedures) (citations omitted).

The Debtors argue that, notwithstanding the general rule on allocation, the Bankruptcy Court has the authority pursuant to its equitable power granted under 11 U.S.C. § 105(a)[1] to order the IRS to apply their tax refund to the priority claim in order to make the Debtor's plan feasi-

ble. The Debtors cite the Supreme Court decision in *United States v. Energy Resources Co.*, 495 U.S. 545, 110 S.Ct. 2139, 109 L.Ed.2d 580 (1990)[2] as authority for their argument.

In the *Energy Resources* case, the separate debtors proposed Chapter 11 plans to pay in full certain "trust fund" taxes[3] entitled to priority under the plans as well as other taxes due the IRS. Each plan provided that tax payments would be applied to first extinguish trust fund taxes before non-trust fund taxes. The separate plans were confirmed over the objections of the IRS, and each Debtor attempted to pay the IRS claims over a period of five and six years by allocating initial payments to extinguish the trust fund tax debt prior to paying other tax liability.

The IRS objected to the debtors' method of allocation and sought to apply the payments to non-trust fund taxes. The difference to the IRS was that if the trust fund taxes were not paid, the IRS also had recourse against the individuals who worked for the debtors and were responsible for the collection and payment of the taxes. The court orders denying the objections of the IRS and ordering the agency to apply the monies to the trust fund

---

1. The statute provides,

    (a) The court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process. 11 U.S.C. § 105(a).

2. Energy Resources Company petitioned for reorganization under Chapter 11 in January 1983, and the plan was confirmed in September 1984. Newport Offshore Ltd. filed a petition for reorganization under Chapter 11 on

November 13, 1985, and the plan was approved in June 1986. The two cases were consolidated on appeal to the First Circuit Court of Appeals in 1989.

3. "Trust fund" taxes refer to the employees' share of taxes required to be withheld by the employer and held in trust for the federal government pursuant to 26 U.S.C. § 7501(a). Under 26 U.S.C. § 6672, the IRS may collect unpaid trust fund taxes directly from the employer's officers or employees who are responsible for collecting the tax. These individuals are referred to as "responsible" persons. *Energy Resources*, 495 U.S. at 547, 110 S.Ct. 2139. In the instant case, the priority claims of the IRS are not designated by the parties as trust fund taxes.

tax liabilities were appealed. The Supreme Court stated that it granted certiorari because the First Circuit's decision in *In re Energy Resources*, 871 F.2d 223 (1st Cir.1989) conflicted with other circuits' decisions, such as *In re Ribs–R–Us, Inc.*, 828 F.2d 199 (3d Cir.1987). *Energy Resources*, 495 U.S. at 548–549, 110 S.Ct. 2139.

The Supreme Court held in *Energy Resources* that 26 U.S.C. § 6672, which requires the payment of trust fund taxes, does not limit a bankruptcy court from confirming a plan that provides for payment of non-trust fund taxes first if the specific allocation of payments is necessary for successful reorganization. The Court recognized that plans paying trust fund taxes first might put the government at greater risk of nonpayment by first eliminating the responsible third-party liability but stated that section 6672 does not protect against such an eventuality. *United States v. Energy Resources Co., Inc.*, 495 U.S. at 551, 110 S.Ct. 2139.

In the case of *In re Divine*, 127 B.R. 625 (Bankr.D.Minn.1991), Judge Robert Kressel considered the impact of *Energy Resources* on facts similar to those in this case. The only difference between the instant case and *In re Divine* is that in *In re Divine*, a portion of the IRS claim was secured by a tax lien, and the balance included both priority and general unsecured claims.

In *In re Divine*, the IRS argued that its tax lien secured the general unsecured claim while the debtors wanted to allocate the priority taxes to the IRS's secured claim. The debtors contended that the Supreme Court decision in *Energy Re-*

*sources* permitted this treatment under the plan.

Judge Kressel distinguished *Energy Resources* by first pointing out that *Energy Resources* only concerned which type of tax would be paid first and that the plans provided for full payment of the entire tax claim. By contrast, the debtors in *In re Divine* wanted to allocate payments among secured and unsecured claims and, therefore, minimize the amount of the tax claim proposed to be paid under the plan. *In re Divine*, 127 B.R. at 629. Judge Kressel declined to broadly construe *Energy Resources* to allow the debtors to choose which tax debts were secured so that they would be able to discharge most of the debt.

The most significant distinction between *Energy Resources* and this case is that *Energy Resources* did not involve the allocation of a refund, which is governed by a specific statute, 26 U.S.C. § 6402(a)(2000).[4] The Second Circuit has found that "26 U.S.C. § 6402(a) (1970) clearly gives the IRS discretion to apply a refund to 'any liability' of the taxpayer." *Kalb v. United States*, 505 F.2d at 509. Also, the Eleventh Circuit has held that, pursuant to 26 U.S.C. § 6402(a) and the implementing Treasury Regulations, "the IRS has the discretion to designate the application of overpayments among a taxpayer's various tax liabilities." *In re Ryan*, 64 F.3d at 1524. Nothing in the Supreme Court decision of *Energy Resources* indicates an intention to construe the provisions of 26 U.S.C. § 6402(a), which specifically gives the IRS the power to apply overpayments as it sees fit.

---

4. This section provides in relevant part: "(a) General Rule.—In the case of any overpayment, the Secretary, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, *against any liability* in respect of an internal revenue tax on the part of the person who made the overpayment ..." 26 U.S.C. § 6402(a)(emphasis added).

The Debtor also cites the case of *In re Moore,* 200 B.R. 687 (Bankr.D.Or.1996), which concerns facts identical to the case at bar. In *Moore,* the IRS sought relief from the stay to apply the refund to the nonpriority unsecured portion of its claim. At the hearing, the Trustee stated that if payments were applied according to the IRS's request, the plan would not be feasible. The *Moore* court conceded that under nonbankruptcy law, the IRS could credit the Debtor's tax refund to any tax liability. However, citing *Energy Resources* and the court's equitable powers under § 105(a), the Moore court ruled that the debtors could direct the application of the refund despite 26 U.S.C. § 6402(a) if such action were necessary for the success of the plan. *In re Moore,* 200 B.R. at 690.

*In re Moore* is unpersuasive, particularly since it simply refuses to follow the unambiguous language of 26 U.S.C. § 6402(a). The plain language of 26 U.S.C. § 6402(a) governs overpayment, and the statute is unequivocal in giving the IRS the authority to allocate tax refunds.

Therefore, the objection to confirmation is sustained. The stay is relaxed to permit the IRS to set off the refund against the tax liability of its choice. The Debtors are granted 20 days to file a modified plan consistent with the terms of this order.

IT IS SO ORDERED.