**In the Matter of Maxine EWING, Debtor.**

**Maxine Ewing, Movant**

v.

**United States of America, Respondent.**

**No. A08–60367–PWB.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Oct. 14, 2008.

David Delduco, Treasury Dept., Ronald A. Levine, Levine, Block & Strickland, LLP, Atlanta, GA, Sidney Gelernter, McCurdy & Candler, L.L.C., Decatur, GA, for Creditor.

Ralph Goldberg, Goldberg & Cuvillier, P.C., Decatur, GA, for Debtor.

### ORDER DENYING DEBTOR'S MOTION FOR CONTEMPT FOR VIOLATION OF THE AUTOMATIC STAY

IN PROCEEDINGS UNDER
CHAPTER 13 OF THE
BANKRUPTCY CODE

CONTESTED MATTER

PAUL W. BONAPFEL, Bankruptcy Judge.

The Debtor contends that the Internal Revenue Service, an agency of the United States of America, willfully violated the automatic stay by applying a $1,539.00 overpayment of tax on her 2007 tax return to the unpaid balance of other prepetition taxes owed. The Debtor claims she is entitled to an award of damages pursuant to 11 U.S.C. § 362(k). After a hearing on September 10, 2008, the Debtor submitted a brief in which she made the additional argument that the IRS's conduct violated the terms of the Debtor's confirmed plan and is sanctionable as contempt pursuant

to 11 U.S.C. § 105. The IRS failed to appear at the hearing. On October 9, 2008, the IRS filed a response to the Debtor's motion alleging that it had not been served with the motion, amended motion or post-hearing brief. For the reasons stated herein, the Debtor's motion is denied.

The Debtor filed this chapter 13 case on January 8, 2008. The IRS filed a proof of claim for $44,516.40, consisting of an unsecured priority claim of $7,344.52 for the prepetition tax period ending December 31, 2007 (the "2007 taxes"), and an unsecured non-priority claim of $37,171.88 for taxes and interest for the tax periods ending December 31, 1996 and December 31, 1997 (the "1996 and 1997 taxes").[1]

After the Debtor's plan was confirmed, the Debtor received two notices from the IRS. On August 11, 2008, the IRS sent the Debtor a notice entitled "Overpaid Tax Applied to Other Taxes You Owe," which informed the Debtor that $1,539.00 of the overpaid tax for her 2007 tax return was applied to the unpaid balance of 1996 taxes owed by the Debtor and Cleveland Ewing, Jr.[2] The Debtor also received a notice from the IRS on July 28, 2008 which sought payment of $154.28 for unpaid 1997 taxes. The notice stated "Urgent!! We intend

to levy on certain assets.... To prevent collection action, please pay the current balance now."[3] The Debtor contends that the application of the refund to 1996 taxes and the collection notice sent by the IRS violate the automatic stay or, alternatively, the confirmation order.[4]

■ The issue in this case is whether the IRS' unilateral setoff of the Debtor's tax refund is permissible under the Bankruptcy Code. Section 553 of the Bankruptcy Code governs a creditor's right to exercise a setoff in bankruptcy. Section 553(a) provides in pertinent part as follows:

> Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case.... [5]

Section 553(a) does not create a right of setoff; instead, it preserves a creditor's existing setoff rights under nonbankruptcy law. *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 18, 116 S.Ct. 286, 133 L.Ed.2d 258 (1995).

---

1. Contemporaneously with this motion, the Debtor filed an objection to the proof of claim of the IRS. On September 30, 2008, the Court entered an Order disallowing the unsecured priority claim of $7,344.52 in its entirety and reducing the general unsecured claim for 1997 taxes from $1,154.38 to $154.28. The United States has moved to reconsider denial of its claim. A hearing is scheduled for November 12, 2008.

2. Doc. No. 33, Exhibit A.

3. Doc. No. 33, Exhibit B.

4. The Debtor filed an amended motion on August 21 [Doc. No. 35], prior to the hearing,

in which she alleged that the IRS had taken $ 600 of overpaid tax. The amended motion does not state when this occurred or from what tax year this $600 derives, and the Debtor did not refer to this overpayment at the hearing. In its response, the IRS acknowledges that this is the Debtor's stimulus payment and that it will release it immediately. Thus, it appears that any issue with the $600 has been resolved.

5. Section 553(a) sets forth several exceptions, none of which are applicable here.

The IRS has the authority to offset tax liabilities against tax refunds, as provided in 26 U.S.C. § 6402(a):

> In the case of any overpayment, the Secretary, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall, subject to subsections (c), (d), (e), and (f), refund any balance to such person.

■ While the automatic stay generally prevents the unfettered exercise of setoff rights, changes made to 11 U.S.C. § 362 by the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA") carve out a special exception for an income tax refund setoff by a governmental unit. Section 362(b)(26) provides that the filing of a bankruptcy petition does not operate as a stay—

> under [§ 362(a)], of the setoff under applicable nonbankruptcy law of an income tax refund, by a governmental unit, with respect to a taxable period that ended before the date of the order for relief against an income tax liability for a taxable period that also ended before the date of the order for relief....

In this case, the IRS exercised its right under 26 U.S.C. § 6402(a) to set off the Debtor's 2007 prepetition federal income tax refund against 1996 prepetition federal income tax liability. Thus, the IRS setoff falls squarely within the exception of § 362(b)(26) and does not violate the automatic stay.

■ The Debtor makes a secondary argument that the IRS should not be permitted to exercise a setoff of the Debtor's tax refund against the 1996 tax liability owed jointly by the Debtor and her husband, who is not a debtor in this case. To the extent the Debtor is contending that such a setoff is impermissible because it lacks "mutuality," such an argument fails for the reason that any liability that the Debtor has with her husband for past due tax is joint and several. In other words, the IRS may collect the entire amount solely from the Debtor even if her husband shares the liability. As such, the setoff satisfies the mutuality requirement of 11 U.S.C. § 553.

■ To the extent the Debtor contends that she may direct the manner in which the IRS applies the refund (for example, applying it to more recent tax debt first), the Court rejects this argument. Section 6402(a) of Title 26, which gives the IRS its setoff rights and which is preserved by the Bankruptcy Code, also gives the IRS the discretion to determine how tax overpayments may be applied. *See In re Packer*, 2007 WL 3331534 (Bankr.D.N.H. Nov. 6, 2007); *In re Lybrand*, 338 B.R. 402 (Bankr.W.D.Ark.2006); *In re Lazar*, 219 B.R. 212 (Bankr.N.D.Ohio 1998); *In re Sedlock*, 219 B.R. 207 (Bankr.N.D.Ohio 1998); *In re Lawson*, 187 B.R. 6 (Bankr.D.Idaho 1995). While a taxpayer may have the discretion to direct how a voluntary payment is applied, with respect to an involuntary payment such as a tax refund subject to setoff, "the IRS is free to allocate the payment in the way that will maximize recovery of the taxes due." *In re Lybrand*, 338 B.R. at 404. *See United States v. Ryan (In re Ryan)*, 64 F.3d 1516 (11th Cir.1995).

The Debtor has cited *United States v. Martinez (In re Martinez)*, 2007 WL 295406 (M.D.Pa. Jan. 29, 2007), for the proposition that the bankruptcy court has

discretion with respect to the IRS right of setoff and allocation. *Martinez* advances three grounds to support its conclusion: (1) § 553 and § 105 provide a bankruptcy court discretion to permit setoff allocation; (2) setoff restrictions are an extension of the bankruptcy court's general discretion to deny setoff under § 553; and (3) discretion to make allocation decisions is consistent with the policy of chapter 13 and the automatic stay.[6]

*Martinez*, however, was a pre-BAPCPA case. To the extent the court has discretion to deny a party's setoff request, the addition of § 362(b)(26) evidences a congressional intent to permit a governmental unit, such as the IRS, to exercise its statutory authority to setoff its claim without interference, interruption, or the necessity of seeking court approval.

 Further, the Eleventh Circuit unambiguously has stated that, under § 6402 and implementing Treasury regulations, "the IRS has the discretion to designate the application of overpayments among a taxpayer's various tax liabilities." *United States v. Ryan (In re Ryan)*, 64 F.3d 1516, 1524 (11th Cir.1995). The Court cannot subvert such a mandate by use of its § 105 powers.

Finally, even if the Court concluded that it did have the discretionary authority to determine how such setoff might be allocated, the Debtor has offered no factual basis for the exercise of discretion in this case.

 In her post-hearing brief, the Debtor advances the additional argument that

confirmation of her plan prohibited the setoff. A confirmed chapter 13 plan binds the debtor and creditors to its terms. 11 U.S.C. § 1327. The Debtor, however, has failed to identify, and the Court's own review of the plan has failed to reveal, a plan provision that prohibits the IRS setoff.

The Court concludes that the IRS' exercise of its right under 26 U.S.C. § 6402(a) to set off the Debtor's 2007 pre-petition federal income tax refund against 1996 pre-petition federal income tax liability is excepted from the automatic stay pursuant to § 362(b)(26) and does not otherwise violate the Debtor's confirmed plan. The Court, however, cautions the IRS that any further attempt to collect its debt by levy or garnishment as reflected in Exhibit B to the Debtor's motion may result in the imposition of sanctions on motion of the Debtor. Based on the foregoing, it is

ORDERED that the Debtor's motion for contempt (Doc. No. 33) is denied.

---

**6.** After remand to the bankruptcy court for further explication of its reasoning, the IRS appealed the bankruptcy court decision again to the district court. In *United States v. Mar-* *tinez (In re Martinez)*, 2008 WL 408402, *1 n. 5 (M.D.Pa. Feb. 12, 2008), the district court declined to revisit its earlier holding.